BY THE.

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1910.

ERNST H. WADE, Respondent, v. WILLIAM BARR DRY GOODS COMPANY, Appellant.

**St. Louis Court of Appeals, February 21, 1911.**

1. **MASTER AND SERVANT: Discharge of Servant: Grounds.** Any conduct upon the part of an employee engaged as buyer for a department store, involving lack of fidelity or reasonably calculated to destroy the confidence of a reasonable employer under such an employment, would be inconsistent with his continuing as buyer, and would justify his discharge, whether his misconduct caused the employer to suffer actual loss or not.

2. ———: ———: ———: **Acceptance of Gifts.** One engaged as buyer for a department store under a yearly contract, who secretly accepted gifts from those from whom he was buying on behalf of his employer, without the consent of the latter and with the intent on his part to be influenced by them into being untrue to his employer's cause, was guilty of misconduct justifying his discharge.

3. ———: ———: ———: ———. The secret acceptance by one engaged as buyer for a department store under a yearly contract of gifts from those with whom he had negotiated, or was about to negotiate, purchases on behalf of his employer, if sufficient to justify a reasonable person, occupying the position of employer, acting reasonably, to lose the confidence which the nature of the engagement made it necessary for the employer to entertain toward him, would justify his discharge.

155 App.]                    (405)

4. ———: ———: Pleading: Sufficiency of Answer: "Disloyal" Defined. In an action by an employee, who claimed to have been wrongfully discharged before the end of a contract term, for salary for the balance of said term, a plea, in the answer, of justification for the discharge, alleging that plaintiff was "disloyal" in accepting and receiving presents from persons from whom he bought goods for the employer, was equivalent to charging that plaintiff accepted the presents with intent to be influenced by them into being untrue to his employer's cause; "disloyal," as used in this connection, involving a corrupt or improper state of mind.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

REVERSED AND REMANDED.

*Nagel & Kirby* for appellant.

(1) To constitute a breach of the agent's duty of fidelity and loyalty to his principal, it is not necessary to prove that the principal suffered actual injury or loss. In requiring such proof the court erred. Euneau v. Rieger, 105 Mo. '659; Missouri Glass Co. v. Patterson, 72 Mo. App. 492; Robertson v. Chapman, 152 U. S. 673. (2) To constitute a breach of the agent's duty of fidelity and loyalty, it is not necessary to prove that the agent was in fact improperly influenced by personal interest to disregard the interests of the principal. It is sufficient if the agent has placed himself in a position, without his principal's knowledge and consent, in which he will be tempted to disregard the principal's interests. Euneau v. Rieger, 105 Mo. 659; Michoud v. Girod, 4 Howard 503; Robertson v. Chapman, 152 U. S. 673; Mechem on Agency (1 Ed.), sec. 455.

*Lee Sale* for respondent.

(1) The assignment of error based upon the giving of instruction number 4, given by the court of its own motion, cannot be considered by this court, for the reason that the record nowhere shows that appellant made

any objection to the same, or to the action of the court in giving it. Sheets v. Insurance Co., 226 Mo. 613. (2) The only complaint which can be made of the instruction given by the court being that it failed to require the jury to find that the presents received from Hamburger & Co., were given with the intent of affecting his loyalty to his employer and that plaintiff accepted them with knowledge of this intent, and this addition to the instruction not being warranted by defendant's pleading, and no instruction covering this point having been asked by appellant, it cannot complain of this omission. Marion v. Railroad, 124 Mo. App. 445; Hooper v. Street Ry. Co., 125 Mo. App. 329. (3) The verdict is clearly for the right party on the only issue involved in this appeal. Mechem on Agency, sec. 472; Insurance Co. v. Church, 21 Ohio St. —; Lewis v. Loper, 54 Fed. 237.


STATEMENT.—Suit by employee against employer for breach of the employment contract, the breach alleged being wrongful discharge before the expiration of the contract term. The defendant pleaded that the discharge was justified. Plaintiff had judgment for $2840.62 and defendant has appealed. It is admitted by the pleadings that on February 1, 1908, defendant, a corporation conducting a general department store in the city of St. Louis, entered into a written agreement with the plaintiff whereby it employed the plaintiff "as buyer of its house furnishings, picture, toys and baby carriages, china and bric-a-brac departments for the period of one year beginning February 1, 1908, and ending January 31, 1909, at a salary of five thousand dollars per year, payable in weekly installments of ninety-six dollars and fifteen cents." It is further admitted that on July 11, 1908, the plaintiff was discharged from said employment by defendant. Plaintiff alleged that the discharge was wrongful. Defendant pleaded in justification of the discharge that "while in defendant's employ as a purchaser of toys, plaintiff was disloyal in ac-

·cepting and receiving from Hamburger & Co. of New York from whom he was buying toys for defendant, presents and gratuities of value, without defendant's knowledge or consent." Reply a general denial.

Although the contract in suit related only to one year, the evidence showed that plaintiff had entered the employ of defendant as buyer in April, 1903 and continued in that position until his discharge in July, 1908. Defendant each year bought a large amount of toys and most of them were purchased from Hamburger & Co., a corporation. It had been doing this for six or seven years before plaintiff entered its employ. After plaintiff entered the employ of defendant it was his duty to make such purchases for defendant, going to New York several times a year as the business required. His wife would sometimes accompany him. In doing so, they seem to have formed somewhat intimate social relations with the officers of Hamburger & Co. and their wives.

The evidence showed that for several years while he was in the employ of defendant as a buyer of toys, the plaintiff and his wife had regularly received presents of substantial, but not great, value from the officers of Hamburger & Co., and their wives. The evidence on behalf of plaintiff tended to prove that these presents came unexpectedly and without solicitation, were harmless business courtesies, or social courtesies, due solely to the close social relations existing between the plaintiff and his wife and the officers of Hamburger & Co. and their wives, and were reciprocated by social courtesies extended by plaintiff and his wife to said officers and their wives. The evidence on behalf of the plaintiff further tended to prove that neither the friendly social relations mentioned, nor the presents received by him, in the slightest degree influenced him in his capacity as a buyer or caused him to buy from Hamburger & Co., or to give them any advantage in price or otherwise or to falter in unswerving loyalty to his employer and devotion to its interests. He admitted, however, that he

bought all imported toys from Hamburger & Co., justifying such action on the ground of superior quality and advantageous discounts. Defendant also gave evidence tending to prove that the last order given by plaintiff to Hamburger & Co., amounting to about six thousand dollars, had been cancelled by defendant because investigation disclosed that the prices were higher than another house quoted them at. This was negatived by evidence on behalf of plaintiff. The presents were received prior to the execution of the contract sued upon, but while plaintiff was in the employ of defendant and buying from Hamburger & Co. for defendant. At the time of entering into the contract sued upon, and up to the time of the discharge, defendant and its officers were not aware that plaintiff and his wife had ever received presents from Hamburger & Co., although it does not appear that plaintiff made any effort to conceal that fact from them.

In its first instruction, the court directed a verdict for plaintiff upon the finding of certain facts "unless you find and believe from the evidence that defendant discharged plaintiff for good cause as set out in other instructions." The other instructions, so far as the matter of the receiving of presents is concerned, consisted solely of the following, which was given by the trial court of its own motion.

"IV. The court instructs the jury that the law required that the plaintiff as an employee of defendant should be loyal to its interests, and that in making purchases for it he should purchase at the most advantageous prices and terms in his power, (subject to any limitations put upon him by his employer as to the person or persons from whom he might purchase)', and that in transacting his employer's business he should not derive from those with whom he was dealing any present, gain or advantage at the expense or loss of his employer; if, therefore, you find from the evidence that plaintiff, while acting as buyer for defendant, received and accepted

presents of jewelry or articles of material value from persons from whom he made ·purchases for the defendant, that he accepted and received such presents without the knowledge or consent of the defendant, *and that because of the presents so received by him plaintiff either knowingly bought from said persons at prices and terms less favorable and advantageous to defendant than· he could have secured from other importers with whom he was permitted to deal, or because of said presents failed to ascertain the prices at which the same goods could be purchased from other importers with whom he was at liberty to deal, and thereby caused defendant to pay excessive prices for any of the goods purchased for defendant by him, then plaintiff was not loyal to defendant,* and if you find that upon discovering said facts (if you find they existed) the defendant with reasonable promptness discharged plaintiff, your verdict must be for defendant on plaintiff's claim."

CAULFIELD, J. (after stating the facts).—Defendant assigns as error the action of the trial court in giving the instruction which we have set forth. Under that instruction, the act of the plaintiff in receiving pres· ents from ·Hamburger & Co. without the knowledge of his employer could not be treated by the jury as a just ground for discharge unless the jury also found, in effect, that the gifts actually influenced the mind of the plaintiff so as to induce him to act dishonestly towards his employer, and actually caused his employer to pay excessive prices for goods purchased by plaintiff for it. We do not consider this the proper test as to whether plaintiff's conduct in the respect mentioned constituted just cause for discharge. The engagement between these parties was one demanding fidelity upon plaintiff's part and confidence upon the part of the defendant. Any conduct upon plaintiff's part involving lack of fidelity or reasonably calculated to destroy the confidence of a reasonable employer under such an employment would

be inconsistent with plaintiff's continuing as buyer for the defendant and justify his discharge, whether the misconduct caused defendant to suffer actual loss or not. Plaintiff's secret acceptance and receipt of gifts from those from whom he was buying on behalf of his employer might have been just ground for discharge upon either or both of two hypotheses, the finding by the jury of either or both of which would find some support in the evidence in this case, and one of which is within defendant's plea.

These hypotheses may be stated as follows: (1) That the gifts were accepted by the plaintiff without the consent of the defendant and with intent on the part of plaintiff to be influenced by them into being untrue to his employer's cause; (2) That under all the facts and circumstances shown in evidence, the secret acceptance and receipt by plaintiff of these gifts from those with whom he had negotiated or was about to negotiate purchases on behalf of his employer, the defendant, were sufficient to justify a reasonable person occupying the position of defendant as plaintiff's employer and acting reasonably, to lose the confidence which the nature of the engagement made it necessary for the defendant to entertain toward the plaintiff.

If either hypothesis is found by the jury, it, as we have said, is immaterial whether the plaintiff actually acted dishonestly toward the defendant or that the defendant suffered actual pecuniary loss. In the first case the misconduct would involve moral turpitude. In both cases the misconduct would be inconsistent with the engagement between the parties.

The second hypothesis is not within defendant's plea. Upon a retrial, if there be one, defendant may amend in that respect if it be so advised. We conclude, however, that the plea, though indefinite, sufficiently covers the first hypothesis. It alleges that the plaintiff was "disloyal" in accepting and receiving the presents. This was equivalent to charging plaintiff with being un-

true to his employer's cause. That is the plain inference to be derived from the use of the word. It involves a corrupt or improper state of mind. Defendant's charge that plaintiff was disloyal in accepting the presents means, then, as we understand it, that he accepted the presents with intent to be influenced by them into being untrue to his employer's cause. This was the only sense in which defendant pleaded the acceptance of these gifts as a ground for plaintiff's discharge. Under this plea, it was, as we have seen, utterly immaterial whether the gifts actually influenced the mind of the plaintiff so as to induce him to act dishonestly towards his employer or actually caused financial loss to his employer. As the instruction made necessary a finding of these immaterial matters it was erroneous. The judgment is reversed and the cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.