M. F. A. MILLING COMPANY, a Corporation, Appellant, v. UNEMPLOYMENT COMPENSATION COMMISSION OF MISSOURI and OTTO W. MUGGELBERG, Respondents.—No. 38318.—169 S. W. (2d) 929.

Division One, April 6, 1943.

*Neale, Newman, Neale & Freeman* for appellant.

*George A. Rozier,* Chief Counsel, and *Mahlon Z. Eubank,* Assistant Counsel, for respondent; *Harry G. Waltner, Jr.,* of counsel.

██ DOUGLAS, P. J.—This is a proceeding to review an award of the Unemployment Compensation Commission.

The sole question is whether the claimant was discharged for "misconduct connected with his work" and thereby disqualified from receiving unemployment benefits.

The claimant was an employee of the appellant. His usual working week was 48 hours at the flat rate of 40 cents per hour. Because of the Federal Wage and Hour Law (29 U. S. C. A., sec. 201 et seq.) reducing the working week to 44 hours with time and a half for overtime, the employer announced a new scale of wages. The hourly rate was reduced to 38½ cents per hour for 11/12 of the number of hours the employee worked per week. For the remaining 1/12 number of hours the rate was 57¾ cents per hour. This combination actually resulted in an increase of 4 cents a week for a 48-hour week over the flat rate of 40 cents an hour for the same number of hours. The new rate was presented at a meeting of the employees. At a show of hands of those accepting it claimant first voted for it but quickly changed his mind and lowered his hand. When claimant received his first pay under the new scale he consulted an attorney who advised him that the change in the wage structure caused a reduction in his earnings. The attorney brought suit for the claimant on the theory that claimant's wages were reduced without the statutory 30-day notice being given, and prayed for the statutory fifty-dollar penalty. Secs. 5066, 5067, R. S. 1939. No notice of the intention to file the suit was given the employer. When the suit was coming on for trial claimant was fired because he refused to dismiss the suit.

Claimant then filed a claim with the Unemployment Compensation Commission. The employer resisted the claim on the ground that the failure of claimant to give notice of the filing of the suit was an act of misconduct connected with claimant's work and furnished a proper ground for the employer to discharge claimant and disqualified claimant from compensation. The pertinent statute is as follows:

"I. An individual shall be disqualified for benefits under the following conditions and in each case the weeks of such disqualification shall be deducted from the benefit period and his wage credits charged correspondingly as if benefits had been paid, whether or not such individual obtains other employment during such weeks of disqualification. . . .

"(b) For the week in which he has been discharged for misconduct connected with his work, if so found by the commission, and for not more than the eight weeks which immediately follow such week, as

determined by the commission in each case according to the seriousness of the misconduct.'' Sec. 9431, R. S. 1939.

At a hearing before the referee claimant was the only witness. The employer offered no evidence. The referee found the facts above stated. In addition the referee found claimant was in sincere doubt about the effect of the wage change and his counsel advised him his wages were in fact reduced; that suit was brought on advice of counsel on the belief claimant was wronged and not for the purpose of harassing the employer. The referee concluded that the right of an employee in good faith to bring an action allowed him by statute was not misconduct. Upon appeal to the full commission, the findings ██ and decision of the referee were affirmed. Employer filed suit to review the commission's decision. The circuit court affirmed the commission.

The learned trial judge found the claimant was not guilty of misconduct connected with his work. He said: ''The resort to courts for redress of a claim to which claimant believes in good faith he is entitled is not, in my opinion, misconduct, even when the claim is made by an employee against his employer, and the failure to give advance notice of the claim or to discuss its merits in the absence of his attorney, while evidence of disposition that is discourteous and unfriendly, is not wrongful or misconduct within the meaning of the statute.'' The employer appealed to this court.

██ In this character of case our review is limited because the commission's findings of fact, if sustained by sufficient competent evidence, are, absent fraud, conclusive on appeal. In determining the sufficiency of the evidence we consider the evidence in the light most favorable to the findings. A. J. Meyer & Co. v. Unemployment Compensation Commission et al., 348 Mo. 147, 152 S. W. (2d) 184.

██ The evidence supports the finding that the suit was brought in good faith. The employer does not contend in this court the mere bringing of the suit was misconduct but asserts claimant's failure to give notice he intended to bring suit and to discuss his grievance with the employer before filing the suit thereby giving the employer an opportunity to adjust the differences constituted misconduct on claimant's part. The employer relies on the definition of misconduct which has been drawn from those cases when a contract of employment has been terminated because of the alleged misconduct of the employee. The rule announced in such cases seems to be ''that any misconduct inconsistent with the relation of master and servant will justify the master in terminating the contract at any time.'' 39 C. J., ''Master and Servant,'' sec. 85.

This rule appears to us to be too broadly stated. We do not find that this court has had occasion previously to pass on this rule. The St. Louis Court of Appeals in Wade v. William Barr Dry Goods Co., 155 Mo. App. 405, 134 S. W. 1084, held in effect that a corrupt or

improper state of mind on the part of the employee toward his employer so as to render him untrue and disloyal to his employer's cause was misconduct. But such is not this case.

We agree with the trial judge that it would have been friendly and courteous for claimant to have discussed his differences with his employer before filing his suit. But there is no evidence that this would have prevented the filing of the suit which apparently sprang from a misunderstanding about the effect of the Wage and Hour Law. The inference from the evidence is that such a discussion would have been futile. When claimant did discuss the matter with the employer after the suit was filed no settlement was reached and he refused to dismiss his lawsuit. This refusal caused his discharge. How then can it be logically argued that a conference before filing the suit would have prevented the institution of the suit and the failure of employee to bring about such a conference was misconduct? The record shows that it had not been the custom for claimant to confer with his employer. The conference held after the filing of the suit was the first one in the eleven years of his employment.

The case of Brink v. Fay, 7 Daly (N. Y.) 562, cited by appellant, is one where an employee harassed his employer and injured the employer's credit by repeatedly suing for wages not due and is not apposite on the facts. That case does state, however, that "a temperate and honest resort to the courts to obtain a determination or an enforcement of his claims is the lawful right of a servant, whilst still in the employ of the master whom he sues." We agree with that statement. Other cases cited by appellant are distinguishable on the facts.

In State ex rel. Kennedy v. Remmers, 340 Mo. 126, 101 S. W. (2d) 70, this court passed on a question somewhat similar in principle to the one we are now considering. In that case a patrolman sought a review of the action of the Board of Police Commissioners of St. Louis, discharging him from the police force. The board was attempting to collect from every employee 10 per cent of his salary for unemployment relief. The patrolman brought suit against the board to restrain such collection. At the time, there was a rule of the board which required all employees to obtain its permission before filing any lawsuit. The patrolman failed to obey this rule and did not request its permission to file suit. He was dismissed from the force. This court held that such rule was unreasonable upon its face, arbitrary in its character and constituted a denial of reasonable liberty of action, and set aside the dismissal.

Under the evidence in this case the commission was authorized to find that claimant's filing of suit without notice was not "misconduct connected with his work." The judgment of the trial court sustaining the commission is affirmed. All concur.