238 S.W.2d 17 (1951)
VENEGONI et al.
v.
GIUDICY et al.
No. 28005.
St. Louis Court of Appeals, Missouri.
March 20, 1951.
Rehearing Denied April 20, 1951.
*18 Otto R. Erker, of St. Louis, for appellants.
J. W. Thurman, of Hillsboro, and Ennis & Saunders, of Festus, for respondent.
BENNICK, Judge.
This is a suit in equity to set aside and vacate a judgment rendered by the Probate Court of Jefferson County allowing a claim of $1,944 against the estate of Maira Giudicy, deceased, which is now in process of administration.
The allowance was made to William Giudicy (who, incidentally, is the executor of the estate), upon his personal demand for an allowance for his alleged services in connection with the maintenance of the deceased's property over the period from January 1, 1921, to December 21, 1947. Upon the allowance of the claim William Giudicy, as executor, paid over the amount of the allowance to himself individually.
Plaintiffs are the children and heirs of Maria Giudicy, deceased. William Giudicy is named as defendant in both his individual and representative capacities.
Defendant moved to dismiss plaintiffs' petition upon the principal ground that it failed to state a claim upon which relief could be granted.
The court sustained defendant's motion and dismissed the petition, whereupon plaintiffs gave notice of appeal and by proper successive steps have caused the case to be transferred to this court for our review.
The whole question on this appeal is whether the court was right in holding that the petition failed to state a claim upon which relief could be granted.
The jurisdiction of equity may be invoked to grant relief against a judgment upon the ground of fraud where the fraud is in the procurement of the judgment. In other words, the fraud against which a court of equity will relieve must have related, not to the propriety of the judgment itself, but to the manner in which it was obtained. By this we mean that the fraud must have been extrinsic or collateral to the matters which either were or could have been presented and adjudicated in the original proceeding, and not merely intrinsic in the sense of having pertained to the merits of the cause before the court and upon which the judgment of the court was rendered. In this respect the falsity of a claim, or false swearing in the assertion of it, are generally to be regarded as a species of intrinsic fraud, and therefore not sufficient cause for equitable relief against the judgment. In short, it is not the purpose of this feature of equitable jurisdiction to afford a retrial of matters either tried or concluded by the original action, but instead relief is limited to those instances where the fraud was of such a character as to have prevented the court *19 from entertaining a real contest upon the subject matter of the action. Hockenberry v. Cooper County State Bank, 338 Mo. 31, 88 S.W.2d 1031; Sutter v. Easterly, 354 Mo. 282, 189 S.W.2d 284, 162 A.L.R. 437; Winchell v. Gaskill, 354 Mo. 593, 190 S.W.2d 266; 49 C.J.S., Judgments, §§ 372, 374; 31 Am.Jur., Judgments, secs. 653, 654, 655, 662.
In their petition, after alleging the filing and allowance of defendant's claim, plaintiffs charged that they received no notice of the pendency or payment of the claim, and acquired no information regarding the matter until seventeen months later when several of their number made an investigation of the files of the probate court.
They then set out that the filing and payment of the claim constituted a fraud upon them; that the claim was false and fraudulent, and was known by defendant to have been false and fraudulent when he made it; and that the allegations in the claim were made by defendant for the purpose of deceiving and perpetrating a fraud upon the court.
More specifically plaintiffs alleged that the claim was barred by limitation of time; that because of defendant's distant residence during the period in question it would have been impossible for him to have rendered the services claimed to have been rendered; and that from January 1, 1921, until the death of the deceased's husband in 1937, all within the period for which defendant claimed to have rendered services in connection with the maintenance of the deceased's property, she had possessed no personal or individual estate.
The prayer was that the court set aside and for naught hold the order of the probate court allowing defendant's claim against the estate.
In considering the sufficiency of the petition we must of course disregard all such unsupported allegations as that the claim was fraudulent, was known by defendant to be so, and was made for the purpose of deceiving and perpetrating a fraud upon the court. Such averments obviously amounted to no more than mere legal conclusions which were insufficient of themselves to make out a case of fraud. On the contrary, if fraud was to be charged, it was necessary that the same be made to appear from an allegation of facts actually constituting fraud independently of such conclusions. Weitzman v. Weitzman, Mo.Sup., 156 S.W.2d 906; State ex rel. Barnett School Dist. v. Barton, Mo.App., 104 S.W.2d 284; Holt v. Joseph F. Dickmann Real Estate Co., Mo.App., 140 S.W.2d 59.
As for the charge that plaintiffs received no notice of the pendency or payment of the claim and acquired no information regarding the matter until long after the allowance had been made, it is enough to say that there was no suggestion in the petition that defendant had contrived by fraud or deception to keep them in ignorance so as to prevent them from offering resistance to his claim. For equity to afford relief against a judgment upon such a ground, it must be shown that by reason of something purposely done by the successful against the unsuccessful party, there was in fact no adversary trial or decision in the case. Nothing else appearing, it will be presumed that the proper steps were taken for the prosecution of a case where the executor was undertaking to establish a demand in his own favor against the estate upon which he was administering. Mo.R.S.1949, § 464.230.
So far as concerns the allegations that the claim was barred by limitation of time, and that for various reasons defendant either had not or could not have rendered the services for which he sought to be compensated, it is at once apparent that all such questions went to matters either actually or potentially in issue in the probate court, and could therefore have constituted no basis for relief against the order of the court sustaining the allowance. We have already pointed out that the falsity of the claim upon which the judgment was rendered, or something pertaining to the judgment itself, is no ground for equitable relief against the judgment, since the jurisdiction of equity cannot be invoked to obtain a further hearing upon matters which either were or could have been brought before the court in the original proceeding.
*20 It follows that the order and judgment of the court dismissing plaintiffs' petition should be affirmed; and it is so ordered.
ANDERSON, P. J., and McCULLEN, J., concur.