**VON HOFFMAN PRESS, INC., Plaintiff-Appellant,**

v.

**The INDUSTRIAL COMMISSION of Missouri et al., Defendants-Respondents.**

No. 34134.

Missouri Court of Appeals,
St. Louis District.

Feb. 22, 1972.

Rehearing Denied March 23, 1972.

Fordyce, Mayne, Hartman, Renard & Stribling, Harold A. Thomas, Jr., St. Louis, Martin Schiff, Jr., Clayton, James D. Eckhoff, St. Louis, for plaintiff-appellant.

Lloyd G. Poole, Jefferson City, for defendant-respondent, Industrial Comm. of Mo.

Curtis K. Cochell (Chief Counsel), Lloyd G. Hanley, Jefferson City, for defendant-respondent, Division of Employment Security.

A. L. Tidlund, Kirkwood, for defendant-respondent, Mary E. Lorenzen.

WEIER, Judge.

This claim for unemployment compensation was denied by the Industrial Commission. The circuit court affirmed on appeal. The employer has now appealed from the judgment of the circuit court, not because the claim was denied, but because, as it contends, the claimant should have been found disqualified rather than ineligible under provisions of the Missouri Employment Security Law (Chapter 288, RSMo 1969, V.A.M.S.) [1] If disqualified, the employer's account could not be charged with any benefits paid later to

[1] All statutory references to section numbers, unless otherwise indicated, are to RSMo 1969, V.A.M.S.

the former employee involved in the disqualifying act. Section 288.100, subd. 1(4)(a). If merely ineligible, the employer's account could be charged with benefits paid to the former employee after the period of ineligibility had expired. Section 288.100, subd. 1(1).

After the claim was filed an appeals referee conducted a hearing at which evidence was adduced by both employer and employee. The findings and decision of the referee, later adopted by the commission, now become the findings and decision of the commission for the purpose of judicial review. Section 288.200, subd. 1; Associated Grocers' Company of St. Louis, Missouri v. Crowe, Mo.App., 389 S.W.2d 395, 397 [1].

■■ In our review of the commission's award we review both the facts and the law. But as to questions of fact, our review is limited to determining whether, upon the whole record, including the reasonable inferences therefrom, the award is supported by competent and substantial evidence, and, in the absence of fraud, such findings are conclusive. Missouri Constitution of 1945, Article 5, Sec. 22, V.A.M.S.; Sec. 288.210. In applying the statutory law to the evidence, a liberal construction is required of the Employment Security Law (Sec. 288.020, subd. 2), but the disqualifying provisions of Section 288.050 must be strictly construed. Citizens Bank of Shelbyville v. Industrial Commission, Mo.App., 428 S.W.2d 895, 897 [6].

In the determination of this case, the referee made findings of fact, later adopted by the commission, which succinctly summarize the evidence urged to support the decision. As recited, Mary E. Lorenzen, the claimant, worked for Von Hoffman Press, Inc., as a key-punch operator. She normally worked from 7:00 a. m. to 11:00 a. m. o'clock, five days a week. In January, 1970, and again on March 1, 1970, claimant was offered full-time work because the needs of the employer required a full-time, rather than a part-time, key-punch operator. The monthly wage offered her would have been more than she received as a part-time employee, but the part-time hourly wage would have been higher on an hourly basis. However, as a full-time employee, she would have received, in addition to her pay, benefits which included paid holidays, paid vacations and profit sharing. Claimant refused to accept the offer of full-time work because she thought she should be paid the same hourly rate for full-time that she was paid for part-time. Employer explained the higher rate was paid in order to make it worthwhile for people to work part of the time. Upon her failure to accept full-time employment, another worker was employed full time, and, when she was trained, the claimant was discharged on March 20, 1970.

It was further found by the referee that the discharge of claimant on March 20, 1970, was caused by her failure to accept full-time employment with the employer when it was offered. This was determined to be justified in view of the employer's need for a full-time employee. It was further determined that claimant's failure to accept full-time employment was not misconduct connected with her work.

The employer on appeal contends the trial court should have reversed and remanded the decision of the commission because the commission under the facts was required to find claimant "disqualified" under Section 288.050, subd. 1 for quitting her employment voluntarily without good cause attributable to her work or her employer. Section 288.050, subd. 1(1) provides "a claimant shall be disqualified for * * benefits until after he has earned wages equal to ten times his weekly benefit amount if the deputy finds (1) That he has left his work voluntarily without good cause attributable to his work or to his employer; * * *." Obviously, the plain meaning of the words used prevent us from construing this portion of the section to include a termination of employment by dismissal or discharge. Mrs. Lorenzen did not voluntarily quit her job at Von Hoffman Press. She wanted to continue, but only on a part-time basis. All through her testimony she characterized her termination of employ-

ment as a dismissal. She did not voluntarily sever her employment relations with Von Hoffman. As she said, "I was dismissed." Her supervisor testified that the claimant was discharged because of her failure to accept full-time work. Such was the finding of the commission and it was amply supported by the evidence. In fact, there was no evidence to support her employer's contention on appeal that she had voluntarily quit her employment.

Discharge or suspension may also result in disqualification, but only if the employee has been guilty of misconduct connected with his work. Section 288.050, subd. 2 provides that misconduct, depending upon its seriousness, shall result in disqualification for not less than one nor more than eight weeks. Again, the evidence is void of any misconduct on the part of Mrs. Lorenzen to cause her discharge. Her employer was justified in discharging her for refusing to accept full-time employment, but this is not misconduct. Misconduct precluding payment of unemployment compensation has been defined:

"Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer."
48 Am.Jur. 541, Sec. 38.

See also generally: M.F.A. Milling Co. v. Unemployment Compensation Commission, 350 Mo. 1102, 169 S.W.2d 929, 146 A.L.R. 239.

█ The employer contends that as a matter of law through some alchemy of words, since the facts are not in dispute,

claimant's conduct must fall within the disqualifying provisions of Section 288.050, subd. 1(1) as a voluntary separation from employment. But a strict construction of the disqualifying provisions of Section 288.050, subd. 1 (Citizens Bank of Shelbyville v. Industrial Commission, supra) would not be required to determine that claimant failed to come under its penal provisions. The decision of the commission that she had been discharged, but not for misconduct, rather than that she had quit of her own volition, was amply supported by the evidence. As such, the decision is conclusive on review. The judgment of the circuit court is affirmed.

PER CURIAM:

The foregoing opinion by WEIER, J., a commissioner when the case was submitted to the Court, is adopted as the opinion of the Court. Accordingly, the judgment is affirmed.

BRADY, C. J., DOWD, J., and VERNON W. MEYER, Special Judge, concur.