**Ila Ovene DONLEY, Petitioner-Appellant,**

v.

**INDUSTRIAL COMMISSION of the State of Missouri, Missouri Division of Employment Security, Midco Products Co., and Sigma International, Ltd., Defendants-Respondents.**

No. 62804.

Supreme Court of Missouri, En Banc.

Dec. 8, 1981.

Grove G. Sweet, St. Louis, for petitioner-appellant.

Rick V. Morris, Kevin M. Hare, Jefferson City, for defendants-respondents.

MORGAN, Judge.

Facts necessary to determine the issues presented are basically undisputed. Petitioner, Ila Ovene Donley, age 51, had been employed by respondent Midco Products Company and its predecessor in business, Sigma International, Ltd. for a period of seven years. During the last six months of her employment she was a label printing machine operator. She performed this work in a room which relied solely upon a window air conditioning unit to provide ventilation. Sometime near the end of June 1976, said unit failed and was replaced by a smaller one. The smaller unit did not ventilate the room as well as the previous unit, and as a result fumes from chemicals used as a cleaning solution in operation of the label printing machine caused petitioner to become ill. Thereafter, petitioner missed several working days because of the sickness brought about by breathing the poorly ventilated air within the closed room. Petitioner's doctor told her that she could not work with the chemicals in such a closed room, and that changes in her working conditions would have to be made. After reporting the poor ventilation to her job supervisor, petitioner then took a two-week vacation to give her employer time to make the necessary changes.

On July 28, 1976, petitioner returned to work to inquire whether or not the needed changes had been made. She was informed that none would be made.

It is at this point that the facts of the case become disputed. Petitioner claims that she spoke with both her supervisor and plant manager, and that both told her there was no place she could be employed where she would not be around chemicals. The supervisor testified before the Appeals Referee that petitioner was offered other employment in the plant, but she refused. Whatever the case may be, petitioner resigned from work at this time.

She then applied for Unemployment Compensation benefits, and was interviewed by a deputy for the Division of Employment Security. He took notes of his conversation with petitioner and obtained from her a signed statement on a "fact finding interview" worksheet outlining her reasons for leaving the employ of Midco. However, sometime after petitioner had signed the statement, and without her knowledge or consent, the deputy inserted into the statement above petitioner's signature the phrase: "They did offer me a transfer but it was still around the chemicals but outside the closed room."

This deputy declined petitioner's claim for Unemployment Compensation benefits for the reason that:

"The claimant voluntarily quit rather than accept a transfer to work in another area. She had previously worked in a closed area and the chemicals with which she worked caused her to be ill. She failed to improve her working conditions by her refusal of a transfer to another work area."

Petitioner then appealed this adverse determination to an Appeals Referee, as per § 288.190, RSMo 1978,[1] who affirmed the deputy's determination. On October 23, 1976, petitioner filed an Application for Review with the Labor and Industrial Relations Commission which issued an order denying the petitioner's application for review approximately three months later.[2]

---

1. All citations are to RSMo 1978 unless otherwise noted.

2. Pursuant to § 288.200(1), RSMo 1978, where, as here, the application for review of an Appeal Tribunal's decision is denied by the Commis-

sion, the decision of the Appeals Tribunal is deemed to be the decision of the Commission for the purpose of judicial review. *Wilson v. Labor & Indus. Relations Comm'n*, 573 S.W.2d 118, 120 (Mo.App.1978).

Petitioner then filed a timely Petition for Review in the Circuit Court of St. Louis County alleging that the insertion of the controversial phrase by the Division of Employment Security deputy constituted "fraud" within the meaning of § 288.210.[3] After respondents had answered, petitioner sought to obtain evidence as to the controversial phrase by propounding a Request for Admissions. Upon objection to the taking of any additional evidence, the court sustained respondents' objections and did not receive any further evidence. On January 22, 1980, judgment was entered affirming the decision of the Commission. On appeal, the Missouri Court of Appeals, Eastern District, affirmed the judgment of the circuit court which had affirmed the decision of the Commission. Thereafter, we sustained petitioner's request for transfer to this Court.

Petitioner raises two points before this Court. First, she alleges that the circuit court erred in failing to consider the insertion of the controversial phrase as "fraud" within the meaning of § 288.210; and second, that the circuit court erred in sustaining respondent's objections to the Request for Admissions which were designed to elicit evidence of fraud as alleged in the Petition for Review.

We first review the contentions of respondents. They are basically "hornbook" law, presenting this Court general propositions of administrative law. For example, respondents recite the familiar notions that the function of the circuit court is to decide whether upon the whole record the Commission reasonably could have made its findings and reached its results, *Meyer v. Industrial Commission*, 240 Mo.App. 1022,

223 S.W.2d 835 (1949), and that in determining the sufficiency of the evidence to uphold the Commission's findings the Court must consider the evidence in the light most favorable to the findings, and the reasonable inferences from the evidence, *La Plante v. Industrial Commission*, 367 S.W.2d 24, 27 (Mo.App.1963). However, these propositions do not address the issue of fraud in the "method" of reaching the findings which constitute the record before the reviewing court. We confine our decision to the damaging statement, included in the record, attributed to but not made by petitioner, as allegedly constituting fraud within § 288.210.

Respondents correctly recognize that there have been no employment security cases involving the term "fraud" as used in § 288.210, and that the scope of review in employment security actions is similar to that of workers' compensation. *Meyer, supra*. Hence, respondents and appellant alike look to *Phillips v. Air Reduction Sales Co.*, 337 Mo. 587, 85 S.W.2d 551 (1935), for guidance, it being a workers' compensation case in which fraud in the procurement of an award of benefits was alleged. The workers' compensation statute reference the conclusiveness of the record on appeal, § 287.490, contains the phrase "in the absence of fraud" just as the statute in question herein.

■ *Phillips* involved an award of the Compensation Commission in favor of respondent Phillips as the total dependent of an employee of Air Reduction who was killed in the plant. The fraud was alleged false testimony as to the dependency of respondent, sister of the deceased employee.

---

**3.** Judicial review of decisions of the Commission in employment security matters is governed by § 288.210, which provides in pertinent part:

With its answer, the commission shall certify and file with the court a copy of the record in the case, including all documents, papers and the transcript of the testimony taken in the matter, together with all findings, conclusions, and decisions therein. * * * In any judicial proceeding under this section, the findings of the commission as to the facts, if

supported by competent and substantial evidence *and in the absence of fraud,* shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. Such actions and the questions so certified shall be heard in a summary manner and after the hearing the court shall enter an order either affirming the decision of the commission or remanding the cause to the commission for further proceedings not inconsistent with the declarations of law made by the court. (Emphasis added.)

In addressing the issue of fraud,[4] the Court described the kind of evidence required to sustain the ground "that the award was procured by fraud," and we do well by heeding its holding:

We think that what is required to sustain the ground "that the award was procured by fraud" is the same kind of a showing that is required in a suit in equity to set aside a judgment on the ground that it was obtained by fraud, namely: That there was fraud which was practiced in the very act of *obtaining* the award; that there was fraud which operated, not upon matters pertaining to the judgment itself, but to the *manner* in which it was procured; that there was fraud which prevented the unsuccessful party from presenting his case or defense; or that there was fraud as to extrinsic, collateral acts or matters, not examined and determined in the hearing before the commission. (Citations omitted.) (Emphasis added.)

85 S.W.2d at 558.

The respondents have characterized the "insertion" on the worksheet as going to the issue of petitioner's qualification for benefits, and as merely a factual disagreement resolved by the Industrial Commission in its findings. Petitioner strenuously advocates that this is fraud "practiced in the very act of obtaining the award," as in *Phillips, supra,* and therefor the act itself, regardless of the content, merits remand. We agree with petitioner. There can be no doubt that the cause of petitioner was prejudiced by the inclusion of the contested sentence. It was the duty of each agency official who rendered or joined in the Commission's final decision to "either hear all the evidence, read the full record including all the evidence, or personally consider the portions of the record cited or referred to in the arguments or briefs." Sec. 536.080. This directive would seem to necessitate the agency's consideration of petitioner's statement which included the spurious phrase

added above her signature, without her consent or knowledge. As such, this Court has no question but that the unwarranted insertion by the deputy went to the "very act of obtaining the award," and the "manner in which it was procured". Merely to affirm the Commission's decision would give color of propriety to a legally offensive act, and one which the judicial process cannot condone.

As ours is a case of first impression regarding the phrase "in the absence of fraud" as used in the employment security compensation statute, we must do more than simply remand the cause. We must address petitioner's second point, *i.e.,* the admission of additional evidence to demonstrate the alleged fraud. Again, we draw upon the analogous compensation case, *Phillips v. Air Reduction, supra,* for direction. In *Phillips,* the Court was presented with a similar question as to the propriety of hearing additional evidence to prove that the award was procured by fraud. The Court stated: "There seems to be considerable doubt as to what it is proper to do upon appeal to the circuit court ... on the ground 'that the award was procured by fraud'. Inasmuch as we consider that the record and judgment herein show that the circuit court in this case did hear evidence and make a finding on that ground, we take this occasion to hold that the statute does authorize that." *Phillips, supra,* at 558.

Explaining its reasoning that fraud, unlike other issues, may be proven by additional evidence before the circuit court, this Court continued,

As to fraud, however, the situation must obviously be quite different, for it would hardly be expected that matters fraudulent in their nature, and going to the procurement of the award, would be disclosed in the record of the cause certified by the commission to the circuit court. Consequently, if that particular ground of appellate review is to serve any very useful purpose in the administration

---

4. The *Phillips* court construed § 3342, R.S. 1929, which contains the same relevant language as § 287.490.

of the law, the ruling must be (if the language of the act permits) that evidence may be taken on the issue of fraud in the circuit court.

We have no doubt that this view of the matter is precisely what the Legislature intended. In other words while the statute does generally provide that, upon appeal, no additional evidence shall be heard, the context and purpose of the section as a whole fairly warrant the construction that the findings of fact made by the commission within its powers shall be conclusive and binding upon the circuit court, and that no additional evidence shall be heard upon the merits of the case, but yet, if fraud is charged in the procurement of the award, then evidence may be properly taken upon that issue.

85 S.W.2d at 558.

■ We find this rationale convincing. A reading of § 288.210 compels the holding that the language of the statute permits evidence be taken.[5] It would be anomalous for the General Assembly to provide a ground upon which a court, on appeal, may review an award, yet disallow an attempt to prove said ground.

In addition, our holding that further evidence is admissible finds support in § 536.-140, concerning the scope of judicial review of administrative matters, which reads in pertinent part,

> 1. The court shall hear the case without a jury and, except as otherwise provided in subsection 4, shall hear it upon the petition and record filed as aforesaid.
>
> *  *  *  *  *  *
>
> 4. ... The court may in any case hear and consider evidence of alleged irregularities in procedure or of unfairness by the agency, not shown on the record.

This statute allows the court to hear evidence in situations such as that before this Court. The entry of the spurious phrase above the signature of petitioner, without

her consent, is a striking example of "irregularity in procedure" or "agency unfairness".

The judgment is reversed and the cause is remanded that the trial court may hear and consider such evidence as necessary to resolve all issues.

RENDLEN, SEILER, HIGGINS and BARDGETT, JJ., concur.

DONNELLY, C. J., concurs in separate concurring opinion filed.

WELLIVER, J., dissents in separate dissenting opinion filed.

DONNELLY, Chief Justice, concurring.

If I may be indulged an observation:

This Court is authorized to transfer a case from the Court of Appeals to this Court *only* (1) because of the general interest or importance of a question involved in the case; or (2) for the purpose of reexamining the existing law; or (3) for the reason that the opinion filed in the Court of Appeals is contrary to a previous decision of an appellate court of this state. Mo.Const. art. V, § 10; Rule 83.03.

I find none of the grounds for transfer present in this case. In my view, this Court erred in ordering the case transferred.

I concur.

WELLIVER, Judge, dissenting.

I respectfully dissent and adopt the opinion of Reinhard, J. of the court of appeals as my dissent.

"On appeal, we must review the record in the light most favorable to the decision of the Commission. If the decision is supported by competent and substantial evidence and *in the absence of fraud,* and if the Commission could have originally made its findings from the evidence before it, we must affirm. § 288.210, RSMo 1978; *Von Hoffman Press, Inc. v. Industrial Commission,* 478 S.W.2d 403, 404 (Mo.App.1972).

---

5. "... In any judicial proceeding under this act, the findings of the commission as to the facts, if supported by competent and substan-

tial evidence and *in the absence of fraud,* shall be conclusive ...." Sec. 288.210, *supra.*

"Claimant here admits that the award was supported by competent and substantial evidence but contends that the court should have reversed because of fraud. He relies upon that portion of the statute which says that the award must be affirmed if supported by competent and substantial evidence *absent fraud*.

"The phrase 'absent fraud' under § 288.-210, RSMo 1978, has never been interpreted by the Missouri courts. However, 'fraud' sufficient to warrant the setting aside of a judgment has been defined in many civil cases. There, courts distinguish between extrinsic and intrinsic fraud. Extrinsic fraud effects procurement of the judgment and, if found, will support setting aside the judgment. *Koeller v. Koeller*, 589 S.W.2d 620, 623 (Mo.App.1979); *Fulton v. International Tel. & Tel. Corp.*, 528 S.W.2d 466, 470 (Mo.App.1975), *cert. denied*, 424 U.S. 913, 96 S.Ct. 1111, 47 L.Ed.2d 317 (1976). Intrinsic fraud, which does not allow setting aside the judgment, pertains to the merits of the cause. *Venegoni v. Giudicy*, 238 S.W.2d 17, 18 (Mo.App.1951). For example, the falsity of a claim or a falsely sworn assertation [sic] is a matter of intrinsic fraud. *Id.* at 17–18. The Missouri Supreme Court has held this distinction between intrinsic and extrinsic fraud applicable to a determination of whether or not a workmen's compensation claim can be set aside because of fraud. *Morgan v. Duncan*, 361 Mo. 683, 236 S.W.2d 281, 285 (1951); *Phillips v. Air Reduction Sales Company*, 337 Mo. 587, 85 S.W.2d 551, 559 (1935). We believe that the Legislature intended the term in § 288.210 'in the absence of fraud' to refer to extrinsic fraud rather than intrinsic fraud.

"A review of the claimant's petition reveals that she presents a claim of intrinsic fraud only. She claims that the 'entire decision and findings of fact [of the Commission] were based upon fraudulent and erroneous evidence.' Specifically, claimant alleges that after she notified her employer that she would be compelled to resign her position with her employer because of hazardous and unhealthy conditions, she signed a statement explaining her reasons for leaving her employment. Sometime thereafter, an employee of the Division of Employment Security contacted fellow employees of claimant. Claimant's petition alleges that a false and fraudulent statement was made by one of these employees and that this statement was inserted into claimant's own statement without her authorization. The claimant's statement with the insertion was in the file that was transmitted to the Commission for its determination.

"At no time has the claimant alleged any fraudulent act on the part of the agency. By presenting a claim of false testimony or misrepresentation of the facts by a fellow employee, claimant has failed to present a claim that the award was 'procured by fraud.' *Phillips v. Air Reduction Sales Company*, 337 Mo. 587, 85 S.W.2d 551, 559 (1935). Therefore, the claimant is not entitled to a reversal of the judgment."

The judgment of the trial affirming the Commission should be affirmed.