Sylvester **FRENCH, Claimant-Appellant,**

v.

**FORD MOTOR COMPANY,
Employer-Respondent.**

No. 51198.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 14, 1986.

Motion for Rehearing and/or Transfer
Denied Nov. 18, 1986.

Application to Transfer Denied
Dec. 16, 1986.

Morriss B. Kessler, Private Atty., St. Louis, for claimant-appellant.

Robert W. Herr, Private Atty., St. Louis, for employer-respondent.

DOWD, Judge.

Employee appeals from a final award of the Labor and Industrial Relations Commission. By a majority vote, with Commissioner Robert Fowler in dissent, the Commission substantially reduced the amount of disability benefits previously granted by the administrative law judge. We affirm.

Employee suffered permanent partial disability when injured while at work on defendant's premises on February 11, 1983. The employee fell on his back with his leg beneath him. He was treated immediately for ankle injuries and later sought treatment for injuries to his back, neck, and shoulders.

The Commission did find that a compensable accident occurred, therefore, the issues on appeal address the determination of the nature and extent of the injury. Employee argues that the reduced award (1) is punitive and the equivalent of fraud, and (2) is not based on or supported by the evidence.

The Commission found as follows:

The administrative law judge's award of permanent partial disability of 40% of the ankle; 5% of the body referable to the back; and 5% of the body referable to the neck and shoulder is exorbitant. The Commission finds and believes that the claimant's complaints referable to his neck and back are not credible. It is noted that the claimant sought no treatment for his neck and back from the date of the accident, February 11, 1983 until September 27, 1983 when he was treated by Dr. Nasrallah, a chiropractor. The Commisssion adopts the findings of Dr. Mishkin, an orthopedic specialist, to the effect that the claimant showed 'no objective evidence of disability, injury, or trauma involving his neck and/or back,' and that he had residual disability of 5% rated at the ankle. Dr. Rainey, who testified on claimant's behalf, admitted that the claimant had 'a great result' from his ankle surgery and was left with only minimal swelling and minimal limitation of motion in his ankle. The Commission therefore finds, considering all the medical and other evidence in this case, that the claimant has sustained disability of his right ankle to the extent of 5% permanent partial disability, rated at the 155 week level.

Point two regarding the sufficiency of the evidence will be addressed first.

While the Commission drastically reduced the finding of the administrative law judge, our scope of review is severely restricted by statute. Section 287.495, RSMo 1978, provides that the final award shall be conclusive and binding unless one of the following four grounds is present: "(1) that the commission acted without or in excess of its powers; (2) that the award was procured by fraud; (3) that the facts found by the commission do not support the award; or (4) that there was not sufficient competent evidence in the record to warrant the making of the award."

It is also well established that, in reviewing a workmen's compensation case, we view the whole record, including legitimate inferences to be drawn therefrom, in the light most favorable to the commission's award. The decision must be upheld if supported by competent and substantial evidence. *Tillman v. Wedge Mobil Service Station*, 565 S.W.2d 653, 657 (Mo.App. 1978). The commission passes on the credibility of all witnesses and may disbelieve testimony even absent contradictory or impeaching evidence. Acceptance or rejection of lay or expert medical testimony cannot be disturbed upon review unless it is against the overwhelming weight of the evidence. *Blissenbach v. General Motors Assembly Division*, 650 S.W.2d 8, 11 (Mo. App.1983).

■ Such a deferential standard of review requires this court to find that the Commission's final award is supported by the evidence. The Commission passes on the credibility of the witnesses despite the fact that the Commission does not see or hear the witnesses. This is contrary to ordinary principles of determining credibility. The jury or trial court usually makes the determination of credibility based on such factors as appearance, attitude, and behavior. *See* MAI No. 2.01 (3d Ed. 1981). This is based on a belief that personal observation of the witnesses leads to a more reliable determination of credibility. Although it appears anomalous, Missouri

law, nonetheless, affords the Commission the determination of credibility. This credibility standard leads us to the conclusion that had the Commission found for the employee we would have had substantial and competent evidence to support that decision as well. We, therefore, find ourselves in the position of being required by Missouri law to affirm the drastic reduction made by the Commission even though it assessed the credibility of the witnesses without any personal observation. However, as we have stated, the Commission is within its authority in adopting the findings of Dr. Mishkin. The employee's second point is thereby rejected as Missouri law requires us to affirm in light of Dr. Mishkin's report.

■ Employee's first point is also rejected in that allegations of fraud must contain facts and not mere conclusions. *Venegoni v. Guidicy*, 238 S.W.2d 17, 19 (Mo.App. 1951). If sufficient facts are not pleaded, the court should overrule without hearing evidence. *Phillips v. Air Reduction Sales Co.*, 337 Mo. 587, 85 S.W.2d 551, 559 (1935). An allegation that an act was fraudulently done is a mere conclusion of law. *Reis v. La Presto*, 324 S.W.2d 648, 655 (Mo.1959). Fraud must be alleged with particularity. Rule 55.15.

■ Employee makes no specific allegations of fact constituting fraud but rather makes conclusory statements regarding the Commission's actions. Employee's allegations reflect the dissenting opinion of Commissioner Fowler in which he states: "it is my opinion that the majority has abused its discretion by so drastically reducing the disability award in this case. To adopt so nearly the very lowest rating possible can only be considered punitive...." However, employee's allegations that the Commission was prejudiced, guided by improper motives, and reduced the funds to punish the employee are unsupported by factual allegations and do not constitute grounds for an allegation of fraud.

The cases relied upon by employee, *Donley v. Industrial Commission of Missouri*,

624 S.W.2d 843 (Mo. banc 1981), and *Phillips supra,* are not appropriate authorities in this case in that specific facts were alleged in each of those cases. Neither case offers support for the taking of additional evidence upon the question of fraud where it has not been sufficiently pleaded.

Consequently, the employee's motion for leave to take testimony of the members and staff of the Commission is denied.

The final award of the Labor and Industrial Relations Commission is affirmed.

REINHARD, J., concurs.

SMITH, P.J., concurs in result.