**Janet FEHR, Claimant,**

v.

**R & S EXPRESS, Employer.**

No. 69342.

Missouri Court of Appeals,
Eastern District,
Division One.

June 25, 1996.

Martin & Malec, John Malec, St. Louis, for claimant.

Kortenhof & Ely, P.C., Susan M. Kelly, St. Louis, for employer.

KAROHL, Judge.

Claimant Janet Fehr, a substituted party for her deceased husband Ronald Fehr, appeals from a final order of the Labor and Industrial Relations Commission denying workers' compensation benefits for her husband's work-related left knee, leg and back injuries. The parties have stipulated that the injuries arose out of and in the course of his employment. Insurer provided "compensation and medical aid ... as required by law." The issue on appeal is whether Fehr, a sole proprietor, elected to be covered by workers' compensation insurance as required by § 287.035 RSMo 1994. We affirm.

Ronald Fehr was the owner and sole proprietor of R & S Express. R & S provided delivery services for household appliances for retailers. Fehr alleged in his claim he was a "warehouseman." On August 19, 1987, he was injured in a fall caused by the collapse of a stairway handrail. He was temporarily, totally disabled for a period of 52 weeks from August 19, 1987, until August 16, 1988. He died in 1994 of an unrelated illness. His widow is the substituted claimant.

On March 11, 1987, Fehr applied for workers' compensation insurance with the assistance of a broker. Prior claims forced him to resort to a risk pool. The broker testified Fehr's application form was a standard application form used in the industry. He also testified he and Fehr believed Fehr would be covered. On the application Fehr is listed as owner of R & S with an annual salary of approximately $20,000. $26,600 was listed on the application as estimated clerical payroll. Immediately thereafter, there is an entry of $60,500 for "household appliances" payroll.[1]

---

1. We are unable to find any explanation of the meaning of "household appliances payroll."

The space provided for payroll for corporate officers, sole proprietors or partners was blank. The policy premium of $1,435 was calculated and paid based on $87,100, the sum of $26,600 and $60,500. It is not possible to determine or to find whether Fehr's income was included or excluded from the $87,100.

Insurer, Commercial Union Insurance Company, issued a workers' compensation insurance policy to R & S Express, effective March 11, 1987. This policy was in effect at the time Fehr was injured on August 19, 1987. It contained no provisions for coverage of sole proprietors. Insurer's claims supervisor testified the Company determined Fehr was not covered as sole proprietor under the policy because no classification code or total payroll for sole proprietor was recorded on Fehr's application and no WC121 endorsement form, "Sole Proprietors, Partners, Officers and Others Coverage," was included with the policy. There was evidence to support a finding that Insurer paid Fehr weekly Temporary Total Disability benefits from August 20, 1987, through March 17, 1988. Insurer admitted these payments in the answer to the claim. However, Commercial Union later denied benefits, claiming that Fehr never elected coverage for himself as a sole proprietor.

A hearing was held on March 22, 1995. His testimony was not preserved before his death. Commercial Union's claims supervisor testified that Fehr was not covered as a sole proprietor because the policy did not include a WC121 endorsement form, "Sole Proprietors, Partners, Officers and Others Coverage."

The ALJ found that as a sole proprietor, Fehr failed to express his clear intent to be covered by the workers' compensation policy as required by § 287.035 RSMo 1994. Therefore, the ALJ decided Fehr was not entitled to compensation. Claimant filed a timely Application for Review with the Labor and Industrial Relations Commission. On September 20, 1995, the Commission issued its Final Award, adopting the findings and affirming the ruling of the ALJ.

Claimant's first argument on appeal is the Commission erred in finding that Ronald Fehr had failed to elect workers' compensation coverage for himself as a sole proprietor because: (1) Fehr intended to be covered; (2) the insurance compensation form listed his status as sole proprietor; and (3) he was charged premiums on his salary as sole proprietor by the insurance company when it issued the policy. Insurer contends the finding and conclusion of the ALJ and the Commission that Fehr failed to elect coverage as a sole proprietor under the workers' compensation policy is supported by substantial and competent evidence. The issue is whether Ronald Fehr complied with the requirements of § 287.035.1 RSMo 1994 which provides:

The benefits provided by this chapter resulting from work-related injuries shall apply to partners, copartners or sole proprietors, only when such partners, copartners or sole proprietors have individually elected to procure insurance policy protection for themselves against injuries sustained while in the pursuit of their vocation, profession or business.

Generally, the standard of review in a workers' compensation case is limited. We review only questions of law. Section 287.495.1 RSMo 1994. We will affirm the Commission's decision if, after a review of the entire record in the light most favorable to the finding, we believe the award is supported by competent and substantial evidence. *Saidawi v. Giovanni's Little Place,* 805 S.W.2d 180, 182 (Mo.App.1990) (*citing French v. Ford Motor Co.,* 720 S.W.2d 24, 26 (Mo.App.1986)). In making this determination, evidence which might support findings different from those found by the Commission must be disregarded. *Id.* It is well settled that questions of fact are for the Commission. We may not substitute our judgment on evidence for that of the Commission, even if the evidence could support a contrary finding. *Id., citing Matthews v. Roadway Express,* 660 S.W.2d 768, 769 (Mo. App.1983). The weight to be given evidence rests with the Commission, and it alone determines the credibility of witnesses. *Id.* Where competent evidence is conflicting, resolution is for the Commission, and its choice is binding upon this court. *Id., citing Brown*

**334** ■

*v. Hillhaven Convalescent Center,* 776 S.W.2d 47, 49 (Mo.App.1989).

■ There is sufficient, competent and substantial evidence to support the finding of the ALJ and the Commission that Fehr failed to express his clear intent to be covered by workers' compensation as sole proprietor of R & S Express. There was no express election of coverage as a sole proprietor on the application form. No entry was made in the space provided on the application form for a sole proprietor payroll figure or classification code on the application form. The required WC121 endorsement form for sole proprietor coverage was not part of the policy. From these facts, the Commission could reasonably find Fehr failed to express his clear intent to elect coverage as a sole proprietor within the meaning of § 287.035.1 of the Workers' Compensation Act. Point denied.

■ Claimant's other argument is that the Commission erred in excluding from evidence, as hearsay, a letter from the National Council on Compensation Insurance (NCCI). The letter, dated June 7, 1988, was written by a Risk Analyst at the NCCI to Commercial Union Insurance Company. The letter directs the Insurer: "[p]lease confirm the inclusion of the sole proprietor on the existing policy." Claimant argues that the letter was properly admissible as a business record of Associated Insurance Group under § 490.680 RSMo 1994. Insurer responds that not only was the letter properly excluded as hearsay, but also that this evidentiary issue is improperly raised for the first time before the Court of Appeals. There is merit to both responses; however, we need not address the second point because the exclusion of the exhibit as hearsay was proper.

Section 490.680 RSMo 1994 sets out the standard for business record as competent evidence:

> A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event,

and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

■ In this case, the letter was written after Insurer denied compensation benefits. A Risk Analyst at NCCI wrote to Insurer to explain the application form and the policy. An explanatory letter is not a record of an act, condition or event made in the regular course of business, at or near the time of the act, condition or event within the meaning of § 490.680 RSMo 1994. *Kintz v. Schnucks Markets, Inc.,* 889 S.W.2d 121 (Mo.App. E.D. 1994) (*citing Allen v. St. Luke's Hospital of Kansas City,* 532 S.W.2d 505 (Mo.App.1975)). Claimant's second point is denied.

The award of the Commission is affirmed.

REINHARD, P.J., and GRIMM, J., concur.