**ASSOCIATED GROCERS' COMPANY OF ST. LOUIS, MISSOURI, a corporation, Appellant,**

v.

**S. N. CROWE, George W. Wise and Chas. E. Cates, as Members of the Industrial Commission of Missouri, and the Division of Employment Security, Respondents.**

**No. 24132.**

Kansas City Court of Appeals.

Missouri.

April 5, 1965.

------

Harold A. Thomas, Jr., Fordyce, Mayne, Hartman, Renard & Stribling, St. Louis, for appellant.

Lloyd G. Poole, Jefferson City, for respondent, Industrial Commission.

CROSS, Presiding Judge.

On January 8, 1964, the Industrial Commission of Missouri, sometimes hereinafter referred to as the commission, entered its decision in a proceeding pending before it, numbered CR–417, involving the question whether one Jack Linz rendered services for appellant corporation in "employment" as defined in the Missouri Employment Security Law by Section 288.034 V.A. M.S., or as an independent contractor. This decision consisted of an order denying Associated's application for review of the decision of the Appeals Tribunal of The Division of Employment Security to the effect that the subject individual was engaged in employment within the meaning of Section 288.030. As a result the decision of the Appeals Tribunal is deemed to be the decision of the commission for the purpose of judicial review. Section 288.200(1) V.A. M.S.

On January 28, 1964, Associated filed its petition for judicial review of the subject decision in the Circuit Court of Cole County and process was duly issued and served upon the commission. Responding thereto, the commission on February 14, 1964 filed its "Return" under its official seal, attested by its secretary, together with the entire record of proceedings involved, duly certified by the return. On the same day the respondent Division of Employment Security filed its separate answer.

On February 17, 1964, subsequent to filing its return and certifying the record of proceedings to the circuit court, the commission filed its "Special Appearance and Motion to Dismiss" praying dismissal of Associated's petition on the sole ground that the court lacked jurisdiction because "this action for review was not commenced against The Industrial Commission of Missouri on or before January 28, 1964, as is required by Section 288.210 V.A.M.S." This motion was sustained by the court and judgment entered accordingly. Associated appeals.

The sole question presented by this appeal is whether the action was commenced "against the commission" in compliance with Section 288.210 V.A.M.S. of the Employment Security Law which provides for judicial review of decisions of the Indus-

trial Commission as follows (in pertinent part): "Within ten days after a decision of the commission has become final, the director or any other party aggrieved thereby may secure judicial review thereof by commencing an action in the circuit court * * against the commission for the review of such decision * * *". With respect to the form and substance of the petition, Section 288.210 requires only that it "shall state the grounds upon which a review is sought". There is no issue before us involving the merits of the subject matter of the commission's decision.

The caption of the petition names respondents as "S. N. Crowe, George W. Wise and Chas. E. Cates, as members of the Industrial Commission". The pleading is titled "PETITION FOR JUDICIAL REVIEW OF A DECISION OF THE INDUSTRIAL COMMISSION OF MISSOURI UNDER THE EMPLOYMENT SECURITY LAW". In the introductory paragraph the pleader "petitions the court to review a decision of the Industrial Commission of Missouri". In paragraph 2 it is alleged that respondents S. N. Crowe (chairman), George W. Wise and Chas. E. Cates were the members of the Industrial Commission of Missouri and that "as such at all times herein mentioned did exercise the power provided for in * * * the Missouri Employment Security Law * * *". Paragraph 3 identifies the decision complained of as a "two-to-one decision" of the Industrial Commission, which affirmed and thereby denied review of the Appeals Tribunal's decision. Paragraph 4 alleges that the findings and decision of the Industrial Commission are erroneous for reasons therein set out—five in number. The prayer of the petition is "that the said Industrial Commission of Missouri, composed of S. N. Crowe, George W. Wise and Chas. E. Cates, certify to this Court all the proceedings, * * * that this Court review the same * * * and that said action of said Commission be reversed and set aside with instructions to enter findings and decision in accordance with the dissenting opinion * * *".

As appellant, Associated assigns that the circuit court erred in sustaining the motion to dismiss because the petition for review satisfied both the letter and spirit of the statute requiring that review proceedings be commenced "against the commission", and effectively invoked the jurisdiction of the circuit court.

It is contended by the commission that this action was not commenced against "The Industrial Commission of Missouri" as required by Section 288.210. Therefore, says the commission, the circuit court acquired no jurisdiction to review its decision by the filing of Associated's petition, and consequently committed no error by sustaining the motion to dismiss. Argument intended to support this contention is to the effect that the petition failed to allege that the commission was legally empowered "to sue and be sued in its official name", and that the action was against that agency; that the Industrial Commission of Missouri is not named in the caption or body of the petition as a respondent; and, that Paragraph 2 of the petition describes the individual commission members as respondents but does not refer to the legally suable entity, the Industrial Commission of Missouri. Thus it is apparent that the thrust of this contention (and of the motion to dismiss as presented to the circuit court) involves only the *name* of the administrative agency which rendered the decision. It is conceded that the petition for review satisfied the requirement of the statute as to time of filing. No complaint is directed against the sufficiency of the grounds for review as set out in the petition.

The legal effect of Associated's petition for review will be determined under rules of construction applicable to pleadings in civil actions generally. Civil Rule 42.01, V.A.M.R., appertaining to civil procedure in circuit courts provides there shall be one form of action to be known as "civil action". Consequently, the *action* au-

thorized by Section 288.210 to be filed in a *circuit court* can be of no other species than the "civil action" defined by the cited rule. "The Civil Code, while not supplanting special procedure statutes, applies to such statutes where it is not *repugnant* to their provisions". Herrman v. Dixon, Mo. App., 285 S.W.2d 716.

■ The rules of civil procedure are purposed to provide for just determination of every civil proceeding. "These rules shall be construed to secure simplicity and uniformity in civil procedure, fairness in the administration of justice, and the elimination of unjustifiable expense and delay". Civil Rule 41.03. No technical forms of pleading are required. Civil Rule 55.06. And, the only mandatory requirement of a pleading which sets forth a claim for relief is that (1) it contain a short and plain statement of the facts showing the pleader is entitled to relief, and (2) a demand for the relief to which he deems himself entitled. Civil Rule 55.06. "All pleadings shall be so construed as to do substantial justice". Civil Rule 55.26. The principles inherent in these rules are reflected in numerous Missouri decisions, some of which are here noted.

■ "In determining if a petition states a claim or cause of action, the averments of the petition are to be given a liberal construction, according the averments their reasonable and fair intendment—fair implication should be indulged from the facts stated. So considered, a petition should be held sufficient if its averments invoke substantive principles of law which entitle plaintiff to relief. A petition is not to be held insufficient merely because of a lack of definiteness or certainty in allegation or because of informality in the statement of an essential fact". Zuber v. Clarkson Construction Co., 363 Mo. 352, 251 S.W.2d 52, quoted with approval in Mathews, Exr. v. Pratt et al., Mo.Sup., 367 S.W.2d 632. In determining the effect of the petition it must be read from its four corners and in its entirety, and considered in its plain and ordinary meaning. King v. Guy, Mo.App., 297 S.W.2d 617. The court may consider not only the facts pleaded but also the relief sought, Kemp v. Woods, 363 Mo. 427, 251 S.W.2d 684, and may also consider what the opposite party had reason to understand was the issue tendered. Quigley v. King, 182 Mo.App. 196, 168 S.W. 285.

■ The rule of liberal construction is specifically applicable in the instant case, in view of the following quoted ruling of the Supreme Court: "The pleadings in an action for the review of a decision of the Commission should be liberally construed with a view of determining the real questions for review; especially is this true in view of the remedial social character of the Unemployment Compensation Law". Northeast Osteopathic Hospital v. Keitel, 355 Mo. 740, 197 S.W.2d 970.

■ After analyzing the petition under the foregoing principles we are left with no doubt that it states a cause of action "against the commission" for judicial review of the decision in question and, that by filing the petition in the circuit court within the time allowed by law, Associated *commenced an action* "against the commission", in substantial compliance with the requirements of Section 288.210. To reach a contrary conclusion it would be necessary for us "to rob, by construction, language of its plain and obvious meaning, or of the fair, reasonable and obvious conclusion to be deduced therefrom", (Hood v. Nicholson, 137 Mo. 400, 38 S.W. 1095) and to ignore those substantial portions of Associated's petition which we have heretofore set out and which clearly invoke, in unequivocal terms, the right of judicial review guaranteed by the Missouri constitution and provided by statute.

■ There is no merit in the commission's complaint that Associated has sued the wrong parties by naming the individual members of the commission as "respondents" in the caption of the petition and by

again referring to them as such in the body of the petition. As shown above, the individuals referred to are named in the caption as "S. N. Crowe, George W. Wise and Chas. E. Cates, as Members of the Industrial Commission of Missouri". The reference made in the body of the petition is "That the respondents S. N. Crowe (Chairman), George W. Wise and Chas. E. Cates are—the—members of the Industrial Commission of Missouri, and as such—did exercise the power provided for in—the Missouri Employment Security Law".

■ We do not believe that the fair and reasonable intendment of Associated in phrasing either the quoted caption portion or the quoted allegation was to designate or refer to Messrs. Crowe, Wise and Cates as respondents in their individual, personal capacities. The very language used by the pleader imports otherwise. We interpret the words "as members of the Industrial Commission of Missouri" to mean "in the capacity of" or "constituting" that legal entity by the effect of the combined triumviral membership. Our interpretation of the allegations in paragraph 2 is to like effect.

■ However, the meaning of the language in question must be considered in connection with all other portions of the petition, the relief sought, and the issues tendered thereby. Taken as a whole, there is no conceivable issue raised by the petition which could affect Messrs. Crowe, Wise and Cates as individuals. There is no allegation of any act on the part of those named persons, as individuals, that has any relevance to this controversy. No possible relief could be granted on Associated's behalf against them, as individual persons. Furthermore, in our opinion Messrs. Crowe, Wise and Cates as individuals had good reason to understand that the issue tendered by Associated's petition was its right to secure judicial review of the decision rendered by the Industrial Commission *as a legal entity*—and that the commission itself also had good reason to entertain the same belief. Consequently we are convinced that neither the individuals nor the commission were misled in any degree by the petition. This is confirmed by the fact that when process was served on the commission it was that body which responded in its official name, and certified its record of proceedings to the circuit court—not Messrs. Crowe, Wise and Cates, who have filed no pleading in the cause.

■ Conceding that the body of the petition does not designate the Industrial Commission of Missouri as a respondent *in haec verba,* yet, under the rule that averments will be accorded their fair and reasonable intendment and that fair implication should be indulged from the facts stated, it is our view that the petition in legal substance effects such designation. And as for the caption—the names of the individual commission members therein stated, together with the qualifying words "as members of" may be considered as mere surplusage and disregarded. See Iroquois Mfg. Co. v. Annan-Burg Milling Co., 179 Mo.App. 87, 161 S.W. 320, and cases digested in Vol. 23, Mo.Digest, Pleading, ☞35. With such surplusage eliminated, even the caption would designate the Industrial Commission of Missouri as respondent in its technically correct legal name, leaving respondent commission without cause for complaint.

Associated directs our attention to a circumstance of considerable interest relating to the preparation of its petition. It appears that for such purpose Associated consulted and relied upon the Wheaton-Blackmar treatise entitled "Missouri Practice", Volume 11 of which is devoted to various procedural forms suggested for use in Missouri civil practice. Prefaces found in Volumes 1 and 8 indicate that the forms were prepared with thorough care including discussions "with various federal, state and county officials".

Page 181 of Volume 11 contains a form for petition entitled "V.A.M.S., Sec. 288.-210—Form 1. Petition for Judicial Review

of a Decision of Industrial Commission of Missouri under Employment Security Law". This form is recognized and apparently approved by the editorial staff of Vernon's Annotated Missouri Statutes. At the foot of Section 288.210 as set out in V.A.M.S., 1964 Pocket Part, an appendix entitled "Forms" contains the following reference: "Petition for judicial review of decision of industrial commission of Missouri under employment security law, see Missouri Practice, Vol. 11, Wheaton-Blackmar, § 288.210—Form 1".

Comparison of Associated's petition with the Wheaton-Blackmar form indicates that the former was faithfully patterned after the latter. Of particular interest is the *identity* of Associated's paragraph 2 with paragraph 2 of the Wheaton-Blackmar form which reads as follows: "That the respondents, ————, ———— and ————, are, and were at all times herein mentioned the duly appointed, qualified, and acting members of the Industrial Commission of Missouri, and as such at all times herein mentioned did exercise the power provided for in the Missouri Revised Statutes, 19—, chapter 288 known as the Missouri Employment Security Law".

Associated's use of the Wheaton-Blackmar form, which purports to be appropriate for use in drafting a petition *for judicial review of a decision of the Industrial Commission of Missouri,* and which is so recognized by the editors of our official annotated statutes, gives further reason to believe that it was Associated's intention to commence its action against the commission and not against the individual members.

Although by judicial construction we have found that the language employed by Associated in its petition is legally sufficient for its intended purpose, this opinion is not to be understood as approving the continued or future practice, in drafting petitions for review authorized by Section 288.210, of designating "the commission" by the terminology Associated has seen fit

to use here. To the contrary, in the interest of clarity and simplicity of pleading, and to avoid confusion such as arose in this case, we strongly recommend that the petitions in those actions name the respondent commission as "The Industrial Commission of Missouri" without reference to its individual membership.

Our final conclusion is that in order to do substantial justice in this cause, Associated must be accorded the right to judicial review which the law has afforded.

Accordingly, the judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

HUNTER, J., concurring.

HOWARD, J., not participating.