# IN THE SUPREME COURT OF IOWA

No. 11–1630

Filed May 17, 2013

**JEREMIE J. COOKSEY,**

Appellant,

vs.

**CARGILL MEAT SOLUTIONS CORPORATION,**

Appellee,

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Applicant asserts the district court and court of appeals erred in dismissing his appeal because he failed to name the Employment Appeal Board in the caption of the petition. **DECISION OF COURT OF APPEALS VACATED, DISTRICT COURT JUDGMENT REVERSED, AND CASE REMANDED.**

Harry W. Dahl and Pamela G. Dahl of Harry W. Dahl, P.C., Des Moines, and Philip F. Miller of Philip F. Miller Law Office, West Des Moines, for appellant.

Andrew T. Tice of Ahlers & Cooney, P.C., Des Moines, for appellee.

**APPEL, Justice.**

In this case, we granted further review to consider whether the failure of a party to list the Employment Appeal Board (EAB) as a respondent in the caption of a petition for judicial review of the final agency decision is fatal where the body of the petition makes it plain that the appeal is being taken from the final action of the agency and where the agency is timely served with the petition. The district court concluded that it was and dismissed the appeal. The court of appeals affirmed. For the reasons expressed below, we vacate the decision of the court of appeals, reverse the decision of the district court, and remand the case for further proceedings.

## I. Factual and Procedural Background.

The facts are simple and undisputed. Jeremie Cooksey sought unemployment benefits from Iowa Workforce Development after his discharge from employment by Cargill Meat Solutions Corporation. The administrative law judge found that the employer discharged Cooksey for misconduct and, as a result, concluded that Cooksey was not entitled to benefits. The EAB affirmed the administrative law judge. Cooksey filed a petition for judicial review of agency action in Polk County District Court.

In the petition for judicial review, Cooksey named Cargill in the caption as a "defendant." The caption made no mention of the EAB. The first paragraph of the petition, however, stated:

> This action is brought by Petitioner, Jeremie J. Cooksey, pursuant to Chapter 17A.19(2) of the Iowa Administrative Procedure Act . . . for review of the final agency action of the EMPLOYMENT APPEAL BOARD as set forth in the Decision filed 3/7/2011 . . . AND, as FINALLY determined in the Employment Appeal Board Decision of April 4, 2011, denying Petitioner's Application for Rehearing.

Cooksey attached a copy of the final decision to the petition. The petition and its attachments were timely served on the EAB.

The EAB filed a motion to dismiss on the ground that it was not named as a party in the petition. Cargill joined the motion to dismiss. The district court granted the motion to dismiss, and Cooksey appealed. We transferred the case to the court of appeals. The court of appeals affirmed. We granted further review. For the reasons expressed below, we vacate the decision of the court of appeals, reverse the decision of the district court, and remand the case to the district court for further proceedings.

## II.  Standard of Review.

We review the granting of a motion to dismiss for errors at law. Iowa R. App. P. 6.907; *McCormick v. Meyer*, 582 N.W.2d 141, 144 (Iowa 1998).

## III.  Discussion.

**A. Preservation of Error.**  Cargill asserts that Cooksey failed to preserve error in the district court on the argument that he substantially complied with the requirements of Iowa Code section 17A.19(4) (2011). According to Cargill, Cooksey relied solely on a claim that Iowa Code section 17A.19(4) was unconstitutional.

Cooksey counters that in its order, the district court accepted the EAB's argument that naming the EAB in the caption is jurisdictional. Further, citing *Doerfer Division of CCA v. Nicol*, 359 N.W.2d 428, 437 (Iowa 1984), Cooksey claims jurisdictional questions are not subject to the same error preservation rules as other issues.

As a general rule, a party may raise a challenge to the subject matter jurisdiction of a court at any time. *In re Jorgensen*, 627 N.W.2d 550, 554 (Iowa 2001); *St. Clair v. Faulkner*, 305 N.W.2d 441, 445 (Iowa

1981). Cooksey, however, does not challenge the subject matter jurisdiction of the district court. Instead, he seeks to defend against a motion to dismiss. As a result, *Doerfer* and other similar cases are inapposite.

Nonetheless, we find the issue has been preserved. In paragraph ten of its motion to dismiss, the EAB asserted dismissal of the petition was required because Cooksey failed to substantially comply with the statutory prerequisites by failing to name the EAB in the petition's caption. Cooksey filed a resistance, which denied the EAB's allegation in paragraph ten "as the Board was and is not a proper, real party, whether below or at present." In practical terms, Cooksey recognized that ordinarily when an appeal of agency action is taken, only the real parties fight it out on appeal. While Cooksey's use of the terms "proper party" or "real party" may have been imprecise, inartful, or overbroad, Cooksey was plainly asserting that his failure to specifically name the EAB in the caption was not fatal given the nature of the EAB's interest in the appeal of its administrative action and the fact that the employer was named in the caption. Cooksey's brief presses the point, noting the EAB "did not perform any act as an employee nor as an employer." While Cooksey did not specifically argue that identifying the EAB's decision in the body of the petition and attaching the underlying order to the petition amounted to "substantial compliance," the EAB raised the issue of substantial compliance in its motion and the issue was contested by Cooksey. No one could have missed the issue.

Further, the district court's order dismissing the case relied upon "the reasons as stated in [the EAB's] motion to dismiss," which plainly includes the assertions in paragraph ten that Cooksey did not substantially comply with the requirement to name the agency as a

respondent. *See Murphree v. US Bank of Utah, N.A.*, 293 F.3d 1220, 1222–23 (10th Cir. 2002) (noting when the district court incorporated the defendant's arguments as the basis for granting summary judgment, the appellate court must review the "[d]efendant's memoranda . . . to determine whether the district court correctly granted summary judgment"); *Mitchell v. Policherla*, Nos. 237578, 238217, 2003 WL 21205982, at *1 (Mich. Ct. App. May 22, 2003) (considering statute of limitations claims raised in the defendants' arguments and incorporated into trial court rulings); *see also People v. Fletcher*, 917 P.2d 187, 197 (Cal. 1996) (finding, during the defendant's second trial, that error was preserved on an argument when the defendant raised the argument during his first trial and the district court incorporated the argument when the issue was raised during the second trial).

When the district court enters an order incorporating the reasons made in the motion to dismiss as grounds for dismissal, we take the order at face value. We assume that the district court read the motion to dismiss, understood the arguments that were made, and relied upon them in reaching a ruling. Any suggestion that the district court would be surprised under these circumstances amounts to an attack on the diligence of the district court that we refuse to entertain.[1] In short, the EAB is far off target when it claims substantial compliance is a newfound argument on appeal when the EAB raised the issue in its motion to

---

[1]The issue of substantial compliance is far better preserved here than were issues considered by the majority of this court in *State v. Iowa District Court*, where the court considered due process and funding issues that were never at any time, in any form, presented to the district court and never argued on appeal. 828 N.W.2d 607, 609, 613–15 (Iowa 2013); *id.* at 618–19 (Appel, J., dissenting). It was unnecessary for the parties below to raise these issues because the larger issue, namely, the validity of the district court's consent order, was preserved. If we are consistent with *District Court*, the larger issue of substantial compliance should be considered preserved here, even if the arguments, like in *District Court*, were incomplete below and improved on appeal.

dismiss, the defendant resisted it, and the district court incorporated the EAB's substantial compliance argument in its ruling.

In light of the district court's express incorporation of the substantial compliance arguments of the EAB in its ruling, and the contested nature of the issue below, we agree with the court of appeals that error was preserved on the substantial compliance question. As we recently noted in *LaMasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012), "[i]f the court's ruling indicates that the court *considered* the issue and necessarily ruled on it, even if the court's reasoning is 'incomplete or sparse,' the issue has been preserved." *See also State v. Paredes*, 775 N.W.2d 554, 561 (Iowa 2009) (noting that "where a question is obvious and ruled upon by the district court, the issue is adequately preserved"); *cf. Sorci v. Iowa Dist. Ct.*, 671 N.W.2d 482, 489–91 (Iowa 2003) (holding error not preserved on issues not presented to the district court). Similarly, in *State v. Chrisman*, 514 N.W.2d 57, 60 (Iowa 1994), we held a defendant preserved error when he challenged only the *seizure* of tennis shoes and not the *search* that led to their discovery. We noted "the district court ruled that the 'searches made herein were consensual,' " and thus the larger issue of the validity of the *search* was preserved. *Id.* Here, the issue of substantial compliance was plainly raised in the trial court and ruled upon by the district court.

In any event, even if Cooksey's resistance is considered flawed, the preservation issue was resolved when the district court ruled on the substantial compliance issue. In *Otterberg v. Farm Bureau Mutual Insurance Co.*, 696 N.W.2d 24, 26 (Iowa 2005), the plaintiff filed a petition for declaratory judgment against Farm Bureau seeking uninsured motorist benefits. The uninsured motorist provision of Otterberg's policy stated Farm Bureau would pay damages for bodily

injuries the insured is "legally entitled to recover" from the owner or operator of an uninsured vehicle. *Id.* Farm Bureau counterclaimed and then moved for summary judgment, claiming Otterberg was not "legally entitled to recover" damages under a provision in the workers' compensation statute. *Id.* Otterberg did not file a motion resisting the summary judgment motion and the district court, accepting Farm Bureau's argument, granted the motion. *Id.* at 27. Otterberg appealed, arguing that the "legally entitled to recover" language in his policy did not bar his recovery. *Id.*

On appeal, Farm Bureau argued Otterberg failed to preserve error on the "legally entitled to recover" provision because he failed to contest the issue in the district court. *Id.* Farm Bureau relied on *Bill Grunder's Sons Construction, Inc. v. Ganzer*, 686 N.W.2d 193 (Iowa 2004), in which we held,

> "if the movant [for summary judgment] has failed to establish its claim and the court nevertheless enters judgment, the nonmovant must at least preserve error by filing a motion following entry of judgment, allowing the district court to consider the claim of deficiency."

*Otterberg*, 696 N.W.2d at 28 (quoting *Ganzer*, 686 N.W.2d at 197–98). We distinguished *Ganzer*, however, as a case where the issue raised on appeal by the nonresisting party "was not an issue considered and ruled on by the district court in ruling on the motion for summary judgment." *Id.* In contrast, we determined in *Otterberg* that the "legally entitled to recover damages" issue, which was raised on appeal by Otterberg, had been presented to and decided by the district court. *Id.* Because the issue was presented to and decided by the district court, we held the issue was preserved even though Otterberg did not resist the argument in response to the motion for summary judgment. *Id.* As noted by this

court in rejecting Farm Bureau's argument that a rule 1.904(2) motion should have been filed to preserve the issue:

> If the district court considered the issue raised on appeal by the nonmovant in ruling on an uncontested summary judgment motion, the rationale for requiring the nonmovant to file a postjudgment motion with the district court to preserve error on appeal is inapplicable. Thus, if a motion for summary judgment presented the issue to the district court and the district court ruled on it, the rule requiring the district court to first consider issues raised on appeal is satisfied.

*Id.*

In this case, the issue of substantial compliance was raised by the EAB in its motion for summary judgment and was ruled upon by the district court. Thus, under *Otterberg* the claim is preserved. *See id.*; *see also State v. Brooks*, 760 N.W.2d 197, 202–03 (Iowa 2009) (finding claim preserved when neither party raised the issue, but the district court ruled upon it); *Yunek v. Cont'l Cas. Co.*, No. 11–1693, 2012 WL 3194113 at *4 (Iowa Ct. App. Aug. 8, 2012) (holding argument that terms in contract were ambiguous was preserved where nonmoving party failed to make the argument below but district court considered the issue in ruling on motion for summary judgment).

**B. Positions of the Parties.** On appeal, Cooksey asserts the district court erred in dismissing his petition because he substantially complied with Iowa Code section 17A.19(4), which provides "[t]he petition for review shall name the agency as respondent." While recognizing that the EAB was not named in the caption, he asserts that the technical omission does not defeat jurisdiction. Cooksey emphasizes that because the EAB was timely served and paragraph one of the petition specifically indicates it is an appeal of the EAB's final agency action, no prejudice is present.

Cargill asserts that because the EAB was not included as a respondent in the caption of the appeal, it was not named as a respondent in the petition as required by Iowa Code section 17A.19(4). Although conceding that substantial compliance is sufficient to satisfy the procedural prerequisites for jurisdiction, Cargill argues that Cooksey failed to substantially comply when he failed to name the EAB as a "respondent." While Cargill recognizes that the petition was timely served upon the EAB, Cargill argues that the failure to name the agency in the caption of the petition as a respondent is a fatal flaw requiring dismissal of the appeal.

**C. Iowa Caselaw.** We have confronted the question of the impact of the failure to properly name the administrative agency as a respondent in an administrative appeal. In *Frost v. S.S. Kresge Co.*, 299 N.W.2d 646, 647 (Iowa 1980), we considered a case where a party named the Industrial Commission instead of the Industrial Commission*er* in a petition for judicial review of agency action. Utilizing a substantial compliance standard, we held that the error did not defeat subject matter jurisdiction because the commissioner received actual notice of the proceeding and no prejudice occurred. *Id.* at 648. Similarly, in *Buchholtz v. Iowa Department of Public Instruction*, 315 N.W.2d 789, 792–93 (Iowa 1982), we held that naming the *department* of public instruction instead of the *board* of public instruction did not defeat jurisdiction in an action under the Iowa Administrative Procedure Act when there was no showing of prejudice and the record indicated the board received timely notice.

Further, in *Green v. Iowa Department of Job Service*, 299 N.W.2d 651, 654 (Iowa 1980), we considered whether a claimant seeking judicial review complied with Iowa Code section 96.6(8) (1979), part of the Iowa

Employment Security Act, which stated that "any other party to the proceeding before the appeal board shall be named in the petition." (Citation and internal quotation marks omitted.) Though the claimant named her employer in exhibits mentioned in and attached to the petition, she did not designate her employer as a respondent in the caption of the petition. *Id.* We held the claimant substantially complied with the statute because the employer's name was mentioned in the exhibits and because there was no prejudice. *Id.*

On the other hand, we have taken a different view where the petition in an administrative proceeding totally failed to name the real party in interest. In *Ball v. Iowa Department of Job Service*, 308 N.W.2d 54, 55 (Iowa 1981), a former employee sought to appeal an adverse unemployment benefits ruling. The claimant, however, did not name the employer as a party in the district court proceeding. *Id.* The department of job service sought to dismiss the action under Iowa Code section 96.6(8), which, as in *Green*, provided that the other party to the proceedings before the appeal board " 'shall be named in the petition.' " *Id.* (quoting Iowa Code § 96.6(8)).

We held that the district court erred in not dismissing the petition. *Id.* at 56. We emphasized that unlike in *Green*, Ball did not name his employer anywhere within the allegations of the petition for judicial review. *Id.* Further, no exhibits were attached to the petition reflecting the course of the controversy and the parties before the appeal board. *Id.* Under these circumstances, we held dismissal was required. *Id.*

In *Sioux City Brick & Tile Co. v. Employment Appeal Board*, 449 N.W.2d 634, 638 (Iowa 1989), we considered whether an employer who filed a petition for judicial review of an award of unemployment benefits paid to an employee could subsequently amend the petition to challenge

the benefits paid to additional employees. We held that additional employees could not be named after the thirty-day period for filing a judicial review petition expired. *Id.* at 639. This case reflects the common sense notion that the filing of a petition of judicial review as to one employee is not a bootstrap that may be used to extend the thirty-day time limitation with respect to other employees who were not named either in the caption or in the body of the original petition. *See id.* at 638–39.

We have also dismissed an administrative appeal where there has been a failure to file the petition in the correct county. In *Anderson v. W. Hodgeman & Sons, Inc.*, 524 N.W.2d 418, 420–21 (Iowa 1994), we emphasized the distinction between original actions and appellate jurisdiction. We concluded that where appellate jurisdiction is involved, a petition must be filed in the county allowed by the statute. *Id.* at 421. *Anderson,* however, did not address the question of what constitutes compliance with the notice requirements of an administrative appeal under Iowa Code section 17A.19(4). *See id.*

We also refused to excuse a naming error in *Iowa Department of Transportation v. Iowa District Court*, 534 N.W.2d 457 (Iowa 1995). In *Iowa Department of Transportation*, a party contesting a license revocation proceeding sought a nunc pro tunc order in a related criminal case. *Id.* at 458. The party did not name the department in the criminal case, and as a result, the department did not receive notice of the proceedings. *Id.* Under these unique circumstances, we held the statutory prerequisites for judicial review of Iowa Code section 17A.19 were not met. *Id.* at 459. *Iowa Department of Transportation* is distinguishable from this case because it did not involve a proceeding

where the agency was clearly identified in the body of the petition and was served with the petition.

**D. Caselaw from Other States.** A number of state cases take the view that generally where a state agency is identified in the body of a pleading seeking to commence an appeal of agency action, but not in the caption, there is no jurisdictional defect.

The notion that the body of the pleading, rather than the caption, is controlling in determining the parties before the court was embraced in *Associated Grocers' Co. of St. Louis v. Crowe*, 389 S.W.2d 395, 398–400 (Mo. Ct. App. 1965). In *Crowe,* Associated Grocers' Company filed a petition naming the individual members of the Industrial Commission of Missouri as respondents rather than the commission itself. *Id.* at 398. The first paragraph of the pleading, however, stated the pleader "petitions the court to review a decision of the Industrial Commission of Missouri," and the third paragraph identified the decision of the commission being challenged. *Id.* The Missouri court held Associated Grocers' had complied with a statutory requirement to commence an action "against the commission," noting the effect of the petition must be read from its four corners and in its entirety and that to reach any other result would " 'rob, by construction, [the complaint's] language of its plain and obvious meaning.' " *Id.* at 399 (quoting *Hood v. Nicholson*, 38 S.W. 1095, 1098 (Mo. 1897)).

Similarly, in *Nigbor v. Department of Industry, Labor & Human Relations*, 355 N.W.2d 532, 535–36 (Wis. 1984), the Wisconsin Supreme Court held that the failure to name the Labor and Industry Commission in the caption of a petition for review of an administrative decision was not fatal even though a statute required that the petition's title include the names of all parties. The Wisconsin court reasoned the body of the

complaint clearly showed that the complaint was against the commission and that no one was misled by the complaint. *Id.* at 536; *see also Hopper v. Indus. Comm'n*, 558 P.2d 927, 932 (Ariz. Ct. App. 1976) (holding although the respondent employer was not named in the title or body of the petition, the fact that the claim was identified in the title and body by reference to the industrial commissioner claims number was sufficient); *D.C. Dep't of Admin. Servs. v. Int'l Bhd. of Police Officers*, 680 A.2d 434, 438 (D.C. 1996) (holding failure to name the Public Employee Relations Board in caption of action contesting ruling of the board on collective bargaining issue was not fatal when the board was identified on the first page of the petition for review, the petition identified the board as the agency that issued the order from which review was sought, and the petition was served on the board); *Klopfenstein v. Okla. Dep't of Human Servs.*, 177 P.3d 594, 597–99 (Okla. Civ. App. 2008) (holding administrative procedure act provision requiring naming of respondents is jurisdictional and statute is satisfied by naming agency in the body of the complaint); *Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit Cnty.*, 958 P.2d 962, 969 (Wash. 1998) (failure to name all parties in petition for review of agency action is not fatal to subject matter jurisdiction where order being appealed identified all parties and was attached and incorporated in the petition).

There are some state cases that take a somewhat different approach. For example, in *ESG Watts, Inc. v. Pollution Control Board*, 727 N.E.2d 1022, 1024, 1028 (Ill. 2000), the court dismissed an administrative appeal when a party named a board, rather than the state, as a party. The Illinois court concluded the applicable statute required strict compliance, and naming the board, instead of the state, was fatal to the petition for judicial review. *Id.* at 1025. The strict

compliance approach in *ESG*, however, is inconsistent with our cases that hold substantial compliance with Iowa Code section 17A.19(4) is sufficient to vest subject matter jurisdiction with the district court. *Buchholtz*, 315 N.W.2d at 793; *Frost*, 299 N.W.2d at 648. Further, the *ESG* court emphasized that the board and the state were in fact different entities and that the state, which was the proper party, had never been named in any fashion in the underlying pleading. 727 N.E.2d at 1027. *ESG* is thus distinguishable from this case, where the administrative agency and the order from which appeal was sought were identified in the body of the petition.

**E. Federal Caselaw.** We next turn to federal caselaw. Unlike the Iowa Administrative Procedure Act, the Federal Administrative Procedure Act does not have a "naming" requirement. *See* 5 U.S.C. § 702 (2006). Federal Rule of Civil Procedure 10(a), however, provides the title of the action in a complaint "must name all the parties." While any analogy to cases under Federal Rule of Civil Procedure 10(a) is inexact, the logic embraced in these cases is nevertheless instructive to us. *See Schering-Plough Healthcare Prods., Inc. v. State Bd. of Equalization*, 999 S.W.2d 773, 776–77 (Tenn. 1999) (petition for further review of agency action is akin to a notice of appeal).

The majority of federal caselaw under Rule 10(a) stands for the proposition that the allegations in the complaint, and not the caption, determine the nature of the cause of action. As noted by the Ninth Circuit:

> [T]he caption of an action is only the handle to identify it and ordinarily the determination of whether or not a defendant is properly in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption.

*Hoffman v. C. H. Halden*, 268 F.2d 280, 303–04 (9th Cir. 1959)*, overruled on other grounds by Cohen v. Norris*, 300 F.2d 24, 29–30 (9th Cir. 1962).

The *Hoffman* approach is the prevailing view in federal courts under Rule 10(a). *See, e.g., Williams v. Bradshaw*, 459 F.3d 846, 849 (8th Cir. 2006) (noting a caption is not determinative, but may be given considerable weight when determining who is a party); *Marsh v. Butler County*, 268 F.3d 1014, 1023 n.4 (11th Cir. 2001) (explaining that the caption of a complaint is not part of the statement of the claim, but may be useful in settling ambiguities in the complaint); *Greenwood v. Ross*, 778 F.2d 448, 452 (8th Cir. 1985) (noting the caption is not determinative as to who is party to the suit); *Blanchard v. Terry & Wright, Inc.*, 331 F.2d 467, 469 (6th Cir. 1964) (while United States is not named in the caption of the complaint, courts must look to allegations of the complaint in order to determine the nature of the cause of action); *Spring Water Dairy, Inc. v. Fed. Intermediate Credit Bank of St. Paul*, 625 F. Supp. 713, 721 n.5 (D. Minn. 1986) (observing that while plaintiffs should have listed parties in the caption, the failure to do so does not mean they cannot maintain action where the complaint makes explicit mention of the parties and the parties have been served); *see also* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1321, at 388–89 (3d ed. 2004) (observing that the caption is not determinative of the parties to an action or a district court's personal or subject matter jurisdiction).

There is also a similar line of cases under Federal Rule of Appellate Procedure 3(c). Rule 3(c) provides that a notice of appeal shall "specify the party or parties taking the appeal." Fed. R. App. P. 3(c)(1)(A). The Rule further provides that an appeal "must not be dismissed for informality of form or title of the notice of appeal." *Id.* R. 3(c)(4). The

federal courts have held that if it appears on the face of a notice that an appeal is intended by a party not named, the appeal is well taken. *Raley v. Hyundai Motor Co.*, 642 F.3d 1271, 1277 (10th Cir. 2011); *Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1148 (9th Cir. 2003); *K.S. ex rel. P.S. v. Fremont Unified Sch. Dist.*, 545 F. Supp. 2d 995, 1008–09 (N.D. Cal. 2008).

Finally, there is federal authority under Federal Rule of Appellate Procedure 15(a), which requires that a petition for review of an agency order "name the agency as a respondent." *See* Fed. R. App. P. 15(a)(2)(B). At least two federal courts have found sufficient compliance with the Rule in situations where the agency, as here, was not named in the caption. *See Lincoln Elec. Co. v. Int'l Trade Comm'n*, 410 F. App'x 332, 333 (Fed. Cir. 2011) ("[W]hen the document does identify the agency and the ITC received notice of the appeal because Lincoln served a copy on the ITC, the failure to include the agency again in the caption of the appeal appears harmless and is not a jurisdictional deficiency."); *Rhine v. Stevedoring Servs. of Am.*, 596 F.3d 1161, 1163–64 (9th Cir. 2010) ("The OWCP does not appear in the petition, but it was served and appeared as a respondent on the day the petition was filed. . . . Because petitioner provided notice to the OWCP and the OWCP subsequently appeared as a respondent, the court in effect found that Rhine had complied with Rule 15(a)(2)(B).").

**F. Discussion.** The overarching goal of the law must be to achieve substantial justice among the parties. *See Arnold v. Collins*, 195 Iowa 1140, 1141, 193 N.W. 408, 409 (1923) ("The controversy is largely one in which the mere technicalities of procedure and practice have been so magnified and exaggerated as to obscure the proper end and aim of all litigation, the effectuating of substantial justice between the contending

parties."). As a result, the law in Iowa for decades traditionally has sought to avoid highly technical requirements that might serve no useful purpose and yet deprive parties of their day in court. That is the essential teaching of our caselaw, the caselaw of other states, and the federal authorities on the question of the consequence of the failure to name a party in a caption where the party is otherwise identified in the notice or pleading. At the same time, we must recognize that courts must follow jurisdictional mandates imposed by valid statutes. *See Anderson*, 524 N.W.2d at 420; *Sioux City Brick & Tile*, 449 N.W.2d at 638–39.

Under the specific facts of this case, we conclude the statutory requirement that the EAB be named in the petition has been satisfied. The agency was not named in the *caption*, but it was named in the body of the petition. As a result, the case is more akin to *Green*, where we found substantial compliance when the caption failed to mention the party but the decision appealed from was identified and attached to the pleading, than to *Ball* or *Iowa Department of Transportation*, where there was a total failure to name a party within the four corners of the petition.

We reaffirm the view expressed in *Green*, and supported in the state and federal caselaw, that where a statute provides that the petition shall "name the agency as respondent," *see* Iowa Code § 17A.19(4), the contents of a petition seeking review of administrative action should be evaluated in its entirety. As we stated in *Green*, where it was sufficient that the employer was named in an exhibit attached to the petition, "[w]e find no requirement that the employer be named in a caption to the petition." 299 N.W.2d at 654. Under the authority of *Green*, when a respondent in an administrative action is identified in the body of the petition and served with notice, as was the EAB, the matter is not

subject to dismissal for failure to name the party in the caption. *Id.*; *see also Hopper*, 558 P.2d at 932; *D.C. Dep't of Admin. Servs.*, 680 A.2d at 438; *Crowe*, 389 S.W.2d at 398–99; *Nigbor*, 355 N.W.2d at 536.

Even so, one could argue that while there is no requirement that an agency be named as a "respondent" in the caption, the statute requires the agency be named as a "respondent" somewhere in the petition. Iowa Code section 17A.19(4) does state the agency shall be named as respondent. Although Cooksey's petition does not use the term "respondent," the EAB has been identified as the agency that made a final decision from which an appeal is sought. While the term "respondent" was not used, the petition plainly demonstrated the agency was a respondent as its final order was being contested in an administrative appeal. *See Crowe*, 389 S.W.2d at 400 (*in haec verba* not required to satisfy jurisdictional requirements).

We conclude, however, that Cooksey has substantially complied with the statute by identifying the EAB as the agency who entered the final agency action from which Cooksey sought to appeal. No one was confused by the lack of use of the term "respondent" when the factual allegations in the petition demonstrated the EAB was a respondent in the sense of having entered an order from which an appeal was being taken. As noted by a federal court years ago and cited in subsequent caption cases, "courts should not put themselves in the position of failing to recognize what is apparent to everyone else." *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947); *see Klopfenstein*, 177 P.3d at 598 (quoting language from *A.H. Fischer Lumber*).

Cooksey asserts that the EAB was timely served with the notice, and this claim has not been challenged on appeal. Consequently, the EAB cannot demonstrate any prejudice. The case is thus distinguishable

from situations where the affected party is not named, and not served, with the petition. *See Iowa Dep't of Transp.*, 534 N.W.2d at 459; *see also Ball*, 308 N.W.2d at 55–56 (holding the claimant failed to comply with a "naming" requirement where the claimant failed to name his employer anywhere in the petition).

We also find this case distinguishable from the situation in which a party fails to file a petition in a timely manner or files the petition in the wrong county. *See Anderson*, 524 N.W.2d at 421; *Sioux City Brick & Tile*, 449 N.W.2d at 638–39. To adopt a "close enough" approach that would allow untimely or improperly filed petitions to proceed would amount to a rewriting of statutory requirements and a substitution of our judgment for that of the legislature. Here, however, the petition provides the information required by the statute, and the legislative purpose behind the "naming" requirement—the provision of timely notice to all parties of the nature of the action—has been satisfied.

For the above reasons, we conclude that Cooksey's petition was sufficient to vest subject matter jurisdiction with the district court.

**IV. Conclusion.**

We conclude that the district court erred in dismissing the petition in this case. As a result, we vacate the decision of the court of appeals, reverse the judgment of the district court, and remand the case to the district court for further proceedings.

**DECISION OF COURT OF APPEALS VACATED, DISTRICT COURT JUDGMENT REVERSED, AND CASE REMANDED.**

All justices concur except Mansfield, Waterman, and Zager, JJ., who dissent.

**MANSFIELD, Justice (dissenting).**

I respectfully dissent and would affirm the district court and the court of appeals.

Iowa Code section 17A.19(4) provides, "The petition for review shall name the agency as respondent." The word "shall" is normally considered mandatory. *See* Iowa Code § 4.1(30) (2011). Cooksey's petition for review did not name the Employment Appeal Board (EAB) as a respondent. Rather, it named Cooksey's employer, Cargill Meat Solutions. Nor did the petition even ask for relief against the EAB. Instead, it requested that "reversal or remand should be entered against the Employer and benefits awarded." Given the wording of section 17A.19(4) and our precedent, I would find that Cooksey's petition was properly dismissed.[2]

But there is an even more basic problem. Cooksey failed to preserve error below. He never argued in the district court that he had complied, substantially or otherwise, with section 17A.19(4)'s requirement to name the agency as respondent. Instead, he argued only two very different points: (1) that the agency was not a proper party; and (2) that section 17A.19(4) was unconstitutional. I would therefore find that Cooksey failed to preserve error.

**I. Error Preservation.**

Cooksey's petition for judicial review was filed May 3, 2011. Ten days later, the EAB filed a ten-page motion to dismiss his petition as an "interested person." *See* Iowa R. Civ. P. 1.431(1). In multiple paragraphs (paragraphs 7, 10, and 11), the EAB's motion made clear that Cooksey

---

[2]My colleagues generally characterize this case as one where the EAB was not named "in the caption." But it is more than that. The body of the petition does not indicate that the EAB is a party either. Relief is requested only against the employer.

had to substantially comply with the prerequisites for judicial review and that his failure to name, or even misname, the agency as respondent did not substantially comply with the statute. In support of its position, the EAB cited to and quoted from this court's *Department of Transportation* decision, which I discuss further below.

On May 23, 2011, Cooksey filed a "preliminary resistance" to the EAB's motion. I quote the resistance verbatim:

> 1. That the Petitioner preliminarily denies the Board's (MOVANTS) paragraphs 1, 2, 7, 10, 15, 18, 19, 20, 22, and 23, as the **BOARD** was and is not a proper, real party whether below or at present. The real party in interest, and herein is Cargill Meat Solutions, below and at the District Court level;
>
> 2. That Code Section 17A–19.4 (2011) is unconstitutional on its face and as Applied to this Petition for Judicial Review;
>
> 3. That Code Section 17A (19.4), as Applied to Cooksey and similar persons, as contrasted, compared to Worker's Compensation Law, and Judicial Reviews (86.29) is inconsistent, unreasonable, irrational, arbitrary, not uniform, ALL in violation of Iowa Constitution, Article I, Section 9, Article I, § 1, Article I, § 6.

On July 27, 2011, Cooksey filed an amendment to his prior resistance. Like the preliminary resistance, this document asserted that the EAB was "not a proper party to this appeal in the Polk County District Court," that EAB had no standing to file its motion to dismiss, and (at great length) that section 17A.19(4) was unconstitutional.

At the same time, Cooksey also lodged a proposed ruling which stated (twice) that "the Employment Appeal Board is not a real party in interest herein."

In short, in both his original and his amended resistances, Cooksey made two separate arguments—first, that the EAB was not the proper party to his appeal and, second, even if it was, then the statute so

requiring was unconstitutional. Cooksey *never* made the third argument now divined by my colleagues—i.e., that he had substantially complied with the statutory requirement to name the EAB as respondent.[3]

My colleagues contend, "Cooksey was plainly asserting that his failure to specifically name the EAB in the caption was not fatal given the nature of the EAB's interest in the appeal of its administrative action and the fact that the employer was named in the caption." This sentence needs to be read with the care with which it was written. Obscured by this verbiage is the substantial difference between arguing that failure to name the EAB in the caption was "not fatal" because the proper respondent was the employer (what Cooksey actually maintained below) and arguing that failure to name the agency in the caption was "not fatal" because the agency was effectively named elsewhere (which Cooksey never claimed).

Thus, substantial compliance or any kind of compliance with the statutory requirement to name the agency as respondent was not in play below. The EAB stated that Cooksey had not substantially complied with the statute, and while Cooksey sought to avoid dismissal on other grounds, he never contested this point.

On September 1, 2011, the district court ruled as follows:

> NOW on the 28th day of July 2011 this matter came before the Court upon the motion to dismiss filed by the Iowa Employment Appeal Board and joined by Cargill Meat Solutions. The parties were present by their respective counsel. The Court, having reviewed the motion, the resistance thereto, the entire court file and the arguments of counsel and, therefore, being duly advised in the premises finds that for the reasons as stated in the motion to dismiss the motion should be, and is granted.

---

[3]As the EAB puts it, "Cooksey's argument made to the District Court was that the statute did not require the Board to be a party and, if the statute did[,] then it was unconstitutional."

My colleagues think this ruling demonstrates that error was preserved. I disagree. If the majority is right, then anything a district court says (or incorporates) in a ruling would become fair game for appeal, whether the appellant had disputed the point or not. The basic principle here is fairness to the district court. In an adversary system, a trial judge should not be reversed for accepting a proposition that both parties accepted, especially when all the trial judge said was that he was granting the motion "for the reasons as stated in the motion." *See DeVoss v. State*, 648 N.W.2d 56, 60 (Iowa 2002) ("[I]t is unfair to allow a party to choose to remain silent in the trial court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable." (Citation and internal quotation marks omitted.)).

The majority says, "Any suggestion that the district court would be surprised under these circumstances amounts to an attack on the diligence of the district court that we refuse to entertain." The district court can decide for itself whether I am attacking its diligence; I think clearly not. Rather, I am simply relying on the well-established law that protects trial courts from having to decide matters *sua sponte* when one party takes a position and the other side does not dispute it.

I recognize that *Otterberg v. Farm Bureau Mutual Insurance Company* allowed a litigant who had not timely resisted a summary judgment motion nonetheless to argue on appeal that the motion should have been denied. 696 N.W.2d 24, 27–28 (Iowa 2005). There, we permitted the appellant to rebut on appeal an assertion in the summary judgment motion that became incorporated in the district court's ruling on the uncontested motion. But that decision was specifically tied to the requirements for summary judgment motions, where *the movant* has the

burden "to show the district court that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law." *Id.* at 27 (citation and internal quotation marks omitted). No language in *Otterberg* suggests it would apply to administrative appeals, where it is *the petitioner's* burden to demonstrate compliance with the statute. *See Banos v. Shepard*, 419 N.W.2d 364, 367 (Iowa 1988) (noting that the petitioner "must show compliance with the requirements of section 17A.19(1), requiring exhaustion of administrative remedies, and section 17A.19(4), specifying the concise requirements of a petition for judicial review").

This is not a case where the appellant pressed an argument below and we decided to accept that argument, in part, on appeal. *See State v. Iowa Dist. Ct.*, 828 N.W.2d 607, 613–15 (Iowa 2013). *But see id.* at 618–19 (Appel, J., dissenting) (asserting that error was not preserved). Nor is this a case where the appellant clearly made the argument below and the only issue was whether the court had ruled on it. *See Lamasters v. State*, 821 N.W.2d 856, 862–65 (Iowa 2012). *But see id.* at 872–73 (Wiggins, J., joined by Appel, J., specially concurring) (asserting that error was not preserved).[4]

---

[4]The majority also cites *State v. Paredes*, 775 N.W.2d 554 (Iowa 2009), *State v. Brooks*, 760 N.W.2d 197 (Iowa 2009), and *State v. Chrisman*, 514 N.W.2d 57 (Iowa 1994). All are readily distinguishable. In *Paredes*, a case involving a declaration against interest, we held the defendant had preserved error below by arguing the admissibility of the statement, without specifically stating that it was a declaration against interest, when it was "obvious" he was relying on that ground. 775 N.W.2d at 561. Here, it is far from "obvious" that Cooksey was arguing he had substantially complied with a requirement to name the agency as respondent. In *Brooks*, we allowed the appellee (not the appellant) to raise a ground for affirmance that had been "squarely ruled on" by the district court although not raised below by either side. 760 N.W.2d at 202. However, we distinguished *Brooks* from a case where one party had taken a position and the other "acquiesced" in it—the situation we have here. *See id.* at 202–03. In *Chrisman*, the state only disputed error preservation on appeal to the extent the defendant had failed to ask for a "specific ruling" on the lawfulness of the seizure. 514

Cooksey never claimed below he had complied with a requirement to name the agency. In short, the EAB is right on target that this is a "newfound argument" on appeal.

**II. Merits.**

We previously interpreted the relevant language of section 17A.19(4) in *Iowa Department of Transportation v. Iowa District Court,* 534 N.W.2d 457 (Iowa 1995). There we wrote:

> We conclude that Schumacher's application did not meet the statutory prerequisites for judicial review. The primary deficiency in the application is that it did not name the DOT as the respondent as required by Iowa Code section 17A.19(4) (1993) ("The petition for review shall name the agency as respondent . . . ."). Although we have found substantial compliance with this requirement where the agency was simply misnamed, *Frost v. S.S. Kresge Co.*, 299 N.W.2d 646, 648 (Iowa 1980), and where a related department and the executive officer of the agency were named rather than the agency, *Buchholtz v. Iowa Department of Public Instruction*, 315 N.W.2d 789, 792–93 (Iowa 1982), we cannot find substantial compliance here. Only the parties to the criminal case were named in the caption of Schumacher's application. No employee of the DOT or a related entity was named as a respondent so as to alert the DOT that the application sought relief from agency action. To find substantial compliance here would effectively nullify the requirement that the agency be named as a respondent. Therefore, we hold that Schumacher did not substantially comply with section 17A.19(4).

*Id.* at 459.

I believe this decision controls here. Based on our precedent in *Department of Transportation*, a petition that does not name the agency or an alias of the agency as respondent fails to comply with the judicial review statute.

My colleagues omit the foregoing language from their discussion of *Department of Transportation*. Instead, in a brief paragraph, they

---

N.W.2d at 60. We found that a specific ruling had been made by the trial court so this objection was groundless. *Id.*

attribute the outcome in *Department of Transportation* to the specific facts ("unique circumstances") of the case. But if only facts and not legal holdings mattered, we would not put legal analysis in our decisions. A fair reading of the foregoing language from *Department of Transportation* is that a petition which fails to name the agency or a stand-in for the agency as respondent does not satisfy section 17A.19(4). My colleagues rely on the earlier case of *Green v. Iowa Department of Job Service*, 299 N.W.2d 651 (Iowa 1980). But that case involved a different statute that required the employer to be "named in the petition." *Id.* at 654. This case, like *Department of Transportation*, involves a statute which requires the agency to be "name[d] . . . as respondent." *See* Iowa Code § 17A.19(4).

In lieu of following our precedent, the majority emphasizes that the EAB received "timely notice" of the appeal, a point I do not dispute. However, we have previously indicated, I believe correctly, that "[n]otice pleading . . . is not sufficient in an appellate review proceeding under chapter 17A." *Second Injury Fund of Iowa v. Klebs*, 539 N.W.2d 178, 180 (Iowa 1995). "[C]ompliance with statutory conditions and procedures [is] required to invoke the district court's jurisdiction to hear an administrative appeal." *Anderson v. W. Hodgeman & Sons, Inc.*, 524 N.W.2d 418, 420 n.1 (Iowa 1994).

My colleagues also cite a variety of cases from other jurisdictions. In my view, their out-of-state cases are of marginal relevance because either the facts or the statutory schemes were different. In *Associated Grocers' Co. of St. Louis v. Crowe*, the members of the respondent commission were specifically named in the caption and identified as members of the commission, although the commission itself was not named. 389 S.W.2d 395, 400 (Mo. Ct. App. 1965). This was a misnomer

case and under our precedents would amount to substantial compliance. In fact, on the facts presented here, the Missouri courts would agree with me, not my colleagues. *See State ex rel. Mo. Highway & Transp. Comm'n v. Labor & Indus. Relations Comm'n*, 706 S.W.2d 609, 610 (Mo. Ct. App. 1986) (holding that merely alleging the Division of Employment Security made a decision unsupported by competent and substantial evidence in the body of the petition, but omitting any reference to the division in the caption or the prayer was not substantial compliance with the legal requirement that the division be made a party).

*Nigbor v. Department of Industry, Labor & Human Relations* involved a misnaming of the agency, rather than a failure to name an agency. *See* 355 N.W.2d 532, 535–36 (Wis. 1984). Further: "Even though DILHR rather than the Commission was named in the caption, the body of Mrs. Nigbor's complaint clearly showed that her grievance was against the Commission." *Id.* at 536. Here, by contrast, Cooksey asked for relief from the employer, not the EAB.

*Hopper v. Industrial Commission* was a workers' compensation case where the court applied general principles applicable to appeals in Arizona, not as here a specific administrative review statute. 558 P.2d 927, 931–32 (Ariz. Ct. App. 1976). In *D.C. Department of Administrative Services v. International Board of Police Officers*, the court had before it a misnaming of the agency, rather than a failure to name an agency, and was interpreting superior court rules designed "to facilitate a proper decision on the merits," as opposed to a jurisdictional statute. 680 A.2d 434, 437–38 (D.C. 1996) (citation and internal quotation marks omitted).

In *Klopfenstein v. Oklahoma Department of Human Services*, the agency was not named in the caption but "clearly was named as a party in the body of the petition," having been listed as a party under the

subtitle, "Parties, Jurisdiction and Venue."  177 P.3d 594, 597–98 (Okla. Civ. App. 2008).  Under our precedents, this would qualify as substantial compliance with any requirement that the agency be named as a party.

In *Skagit Surveyors & Engineers, LLC v. Friends of Skagit County*, the statute in question simply required the petition for review to identify the persons who were parties below, not to name them as parties.  *See* 958 P.2d 962, 969 (Wash. 1998); *see also* Wash. Rev. Code 34.05.546(5) (West, Westlaw current with 2013 legislation effective April 17, 2013) (stating that a "petition for review must set forth . . . [i]dentification of persons who were parties in any adjudicative proceedings that led to the agency action").  The court held it was sufficient that the petitioners had attached and incorporated the administrative order to its petition that identified all the parties below.  *Skagit Surveyors & Eng'rs*, 958 P.2d at 969.

On the other hand, Alabama has the *same* statutory language as Iowa (i.e., "The petition for review shall name the agency as respondent . . . .").  *Compare* Ala. Code § 41-22-20(h) (Westlaw current through 2013 Reg. Sess.), *with* Iowa Code § 17A.19(4).  The Alabama Supreme Court has held that even a misnomer (as opposed to a nonnomer) of the relevant agency "acts [as] a waiver of [the petitioner's] right to a review." *Ex Parte Sutley*, 86 So. 3d 997, 1000 (Ala. 2011).

Certain federal caselaw is more helpful to Cooksey.  Federal Rule of Appellate Procedure 15(a) requires that a petition for review of an agency order "name the agency as a respondent."  *See* Fed. R. App. P. 15(a)(2)(B). Some federal appellate courts have found sufficient compliance with that Rule even when the agency was not actually named as a respondent. *See Lincoln Elec. Co. v. Int'l Trade Comm'n,* 410 F. App'x 332, 333 (Fed. Cir. 2011) ("[W]hen the document does identify the agency and the ITC

received notice of the appeal because Lincoln served a copy on the ITC, the failure to include the agency again in the caption of the appeal appears harmless and is not a jurisdictional deficiency."); *Rhine v. Stevedoring Servs. of America*, 596 F.3d 1161, 1163 (9th Cir. 2010) ("The OWCP does not appear in the petition, but it was served and appeared as a respondent on the day the petition was filed. . . . Because petitioner provided notice to the OWCP and the OWCP subsequently appeared as a respondent, the court in effect found that Rhine had complied with Rule 15(a)(2)(B).").

Considering the matter as a whole, I agree with the EAB that if we find substantial compliance here, we have effectively read "shall" out of the statute. We have also thereby collapsed two separate requirements—that the agency be named and that it be served, *see* Iowa Code §§ 17A.19(4), .19(2)—into one—that the agency be served. The naming requirement serves a distinctive and valuable purpose because it specifically alerts the agency that the papers it has received are papers to which it must affirmatively respond. Under the circumstances presented here and the majority's holding, it appears the EAB would have been better off had it ignored Cooksey's defective petition for review. It should not be penalized for having taken a proactive approach.

I recognize there are reasonable arguments on both sides of the merits of this dispute. I generally favor the view that cases should not be decided on technicalities. But lawyers (and Cooksey had one) know what it means to "name" an agency as a "respondent." By no stretch did Cooksey's attorney do so here. And if the matter still remained in doubt, I would adhere to stare decisis and our eighteen-year-old precedent in *Department of Transportation.*

For the foregoing reasons, I respectfully dissent.

Waterman and Zager, JJ., join this dissent.